## No. ——.

### C. H. MORRISON *v.* P. J. LARKIN, Tax Collector.

The plaintiff has injoined defendant, tax collector, from selling certain lands seized for non payment of taxes. He contends that the collector's authority does not extend to the sale of lands forfeited to the State as his were, under sections 66, 67 and 68 of article No. 42 of the acts of 1871. The plaintiff can not assume this position without putting himself out of court, because, if his lands were forfeited to the State in pursuance of said act, the only right remaining to him is the right of redemption, under section 69 of said act, and until he chooses to exercise this right, he has no more interest in said lands than any other individual.

Besides, if the defendant has no authority to sell the lands forfeited to the State, no title will pass to the purchaser; there will be no change of ownership and the plaintiff can not be injured. But, on examination of the statutes, it is found that the tax collectors have authority to collect taxes on the delinquent lists, and for this purpose can sell the land forfeited to the State.

The implied contract of every citizen with the State, is to bear his share of the common burden of taxtion for the support of government. If he should fail to meet this obligation, there is no reason why he should not pay damages for breach thereof.

The law authorizing the forfeiture of the lands to the State after due notice has been given to the owner, and reserving to him the right of redemption on paying certain damages and costs, is regarded as a legitimate means employed by the State to collect her resources.

Nothing is found in the law authorizing the forfeiture of the lands to the State for non-pay. ment of taxes after due notice, repugnant to the articles of the State constitution relied on by plaintiff, nor is it in contravention of article one of the fourteenth amendment of the Constitution of the United States.

It is true that the special grant of authority in article 118 of the constitution, to the general assembly, "to exempt from taxation property actually used for churches, school or charitable purposes," carries with it implied inhibition against the exemption of property not actually used for church, school or charitable purposes. But, while those sections of the law and the special acts exempting property from taxation in contravention of the constitution, may be void, the other provisions of the law authorizing the levying and collecting of the taxes are valid and may be enforced.

If the exemptions complained of contravene the constitution, they are void, and such property under section 55 of act 42 of the acts of 1871, is liable to be assessed and taxed like all other property. There is then no inequality of which the plaintiff can complain.

Section 8 of act 47 of the acts of 1873, prohibiting a delinquent tax payer from bringing a suit or being a witness, is violative of article 114 of the constitution and void, the object of said section not being expressed in the letter of the law.

In regard to the one hundred per cent. damages for suing (section 3 of article 47 of acts of 1873), that provision does not apply to a case like this, when lands have been forfeited to the State.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Ray*, J. *W. W. Farmer*, for plaintiff and appellee. *C. T. Dunn*, for defendant and appellant.

WYLY, J. The plaintiff injoined the defendant, the tax collector, from selling under act 47 of the acts of 1873, certain lands in the parish of Morehouse, which he alleges belong to him, for the State and parish taxes for the years 1870, 1871 and 1872, and also for the penalties prescribed by law for non payment of the taxes of 1870 and 1871.

The court finding that the taxes for 1870 had been paid, maintained the injunction to that extent. It also maintained the injunction in regard to the penalties, but dissolved it for the taxes of 1871 and 1872, ordering the sale to be made for said amounts and condemning the defendant to pay costs. From this judgment the defendant appeals.

26    699
46    154
26    699
51    425
26    699
152  1843
26    699
111   793
111   795

The plaintiff also joining in the appeal prays for an amendment of the judgment so as to perpetuate the injunction for all the taxes, penalties and costs.

The judge did not err in holding that the taxes for 1870 had been paid, the fact being fully established by the record.

The right of the defendant to sell the property of taxpayers for taxes under act 47 of the acts of 1873, is not disputed. But the plaintiff contends that his authority does not extend to the sale of lands forfeited to the State, as his was, under sections 66, 67 and 68 of act No. 42 of the acts of 1871. The plaintiff can not assume this position without putting himself out of court, because, if his lands were forfeited to the State in pursuance of said act, the only right remaining to him is the right of redemption under section 69 of said act, and until he chooses to exercise this right he has no more interest in said lands than any other individual. Disavowing title and setting up ownership of the State as a ground to resist the sale proposed by the tax collector, the plaintiff stands before the court without cause of complaint; he has no pecuniary interest and can not be relieved. Besides, if the defendant has no authority to sell the lands forfeited to the State, no title will pass to the purchaser, there will be no change of ownership, and the plaintiff can not be injured. But upon examining the statutes, we find that the tax collectors have authority to collect taxes on the delinquent lists and for this purpose can sell the lands that have been forfeited to the State. Sections 38, 55, 57, 59, 60, 65, 69 of act 42 of the acts of 1871, and sections 5 and 9 of act 47 of the acts of 1873.

We find that the lands in controversy were forfeited to the State under sections 66, 67 and 68 of act 42 of the acts of 1871.

Section 68 provides: "That the said delinquent lists, or copies and verifications, when so filed in the office of the Auditor of Public Accounts, shall be entered by him on a record kept for that purpose, and shall vest, from the day of filing, a title to the lands and lots therein returned, in the State of Louisiana, which shall be impeachable only on proof that taxes for non payment whereof the lands were returned forfeited, had been in fact paid to the collector before the return of the lists to the recorder."

Section 69 declares, "That if any person interested in any lot or lands forfeited to the State shall, after the date of the collector's return, pay to the treasurer of the State or to the tax collector charged with the collection of the tax for which said property was forfeited, the taxes for which the same was returned, and all taxes subsequently accrued on such land, and twenty-five per cent. damages thereon, and twenty-five per centum additional, for every year or part of year, after one year, the Auditor upon proof thereof, shall execute and deliver to such person a certificate of redemption" etc. * * *

Section 6 of act 47 of the acts of 1873, provides: "That all real estate sold hereafter under the provisions of this act, or any other law of this State providing for the sale of property of delinquent tax-payers, shall be redeemable by the owners thereof or their legally authorized agents within six months from date of sale, upon payment to the party purchasing at the tax collectors sale of the amount of the purchase money with fifty per centum additional and all costs." * * *

Under the express provisions of law the title of the lands in controversy vested in the State from the time the delinquent lists were filed with the Auditor, and this title is impeachable only on proof that the taxes for which they were forfeited, had in fact been paid to the collector before the return of the lists to the recorder. The only interest, therefore, that the plaintiff has, and the only right he can exercise in regard to these lands, is the right of redemption given by section 69 of act 42 of acts of 1871. While refusing or neglecting to exercise this right he cannot restrain the sale of the lands by the tax collector. If the tax collector or auditor refuses to let him redeem the lands in conformity with section 69, because they require him to pay the taxes of 1870, which he has already paid, the plaintiff's remedy is a *mandamus*.

He may also redeem the lands after the sale on complying with section 6 of act 47 of the acts of 1873.

The plaintiff, however, contends that the law authorizing the forfeiture of lands to the State for non-payment of taxes, and imposing the damages to be paid before it can be redeemed, is void, because, repugnant to articles 2, 6, 8, 73, 93, 102, 110, 118 of the constitution of the State and also section 1, article 14, amendments to the constitution of the United States.

That the State has the power to levy and collect taxes can not be doubted; and that she can impose damages for non-payment of the taxes after due notice, is equally certain. The implied contract of every citizen of the State, is to bear his share of the common burden of taxation to support the government. If he should fail to meet this obligation there is no reason why he should not pay damages for breach thereof.

Having power to collect taxes, the State has authority to use whatever means that are necessary to accomplish the object. The law authorizing the forfeiture of the land to the State after due notice has been given to the owner, and reserving to him the right of redemption on paying certain damages and costs, we regard as a legitimate means employed by the State to collect her revenues. If there were no damages and no forfeiture, how could the State collect taxes, if from combination among bidders or otherwise, no one would bid for property

when offered for sale? Without the fear of penalties and forfeiture of his land to the State, an obstinate taxpayer might successfully withhold from the State her legitimate revenues. We find nothing in the law authorizing the forfeiture of the lands to the State for non-payment of the taxes after due notice, repugnant to the articles of the State constitution relied on by the plaintiff. Nor is it in contravention of article one of the fourteenth amendment of the Constitution of the United States.

The lands of the plaintiff having been lawfully forfeited to the State, the tax collector under the revenue acts of 1871 and 1873 had authority to sell it for the amount of taxes and penalties due thereon, reserving to him the right of redemption contained in said acts.

The plaintiff contends that the revenue act of 1871 and the other statutes authorizing the taxes for which his lands were forfeited to the State, are void, because, in contravention of article 118 of the constitution, they exempt other property besides property actually used for church, school or charitable purposes. We agree with the plaintiff that the special grant of authority in article 118, to the General Assembly " to exempt from taxation property actually used for church, school or charitable purposes," carries with it an implied inhibition against the exemption of property not actually used for church, school or charitable purposes.

But while those sections of the law and the special acts exempting property from taxation in contravention of the constitution, may be void, the other provisions of the law authorizing the levying and collecting of the taxes are valid and may be enforced.

If the exemptions complained of contravene the constitution, they are void and such property under section 55 of act 42 of the acts of 1871, is liable to be assessed and taxed like all other property. There is then no inequality of which the plaintiff can complain.

In regard to the exception to the capacity of plaintiff to sue, we will remark that section 8 of act 47 of the acts of 1873, prohibiting a delinquent taxpayer from bringing a suit or being a witness, is violative of article 114 of the constitution and void, the object of said section not being expressed in the title of the law.

In regard to the one hundred per cent. damages for suing (section 3 of act 47 of acts of 1873), we will observe that that provision does not apply to a case like this where lands have been forfeited to the State.

It is therefore ordered that the judgment appealed from be annulled, and it is ordered that the injunction herein be dissolved, plaintiff paying costs of both courts.

Rehearing refused.

Carried by writ of error to the Supreme Court of the United States.—REPORTER.