Succession of Rose.

## No. 12,019.

### SUCCESSION OF WILLIAM ROSE.

APPLICATION OF MRS. JOAN ROSE FOR ADMINISTRATION AND OPPOSITION OF MRS. FANNIE E. DOLES THERETO.

The value of a succession would determine the jurisdiction of the Supreme Court, and not the ruling of the District Court, upon a matter merely raised incidentally and determined in the District Court for the purpose of reaching a conclusion upon a matter touching the administration of the succession.

A court of limited or special jurisdiction has frequently to pass incidentally upon a subject when it would not be authorized to do so if it had been presented to it for adjudication in an original or direct action. 5 N. S. 10, 217; 6 N. S. 305; 7 La. 378; 12 La. 214; 3 R. 100; 4 R. 165, 278, 290; 6 R. 488; 3 An. 582.

The issues of a case can not be split and divided; the incidental question accompanies the main issue and the main issue fixes the jurisdiction.

APPEAL from the Fifth Judicial District Court for the Parish of Morehouse. *Potts*, *J.*

*C. E. McDonald* for Appellee.

*Madison & Madison* for Opponent, Appellant.

Submitted on briefs January 11, 1896.
Opinion handed down February 10, 1896.

Mrs. Joan Rose, alleging herself to be the widow of one William Rose, applied to be appointed administratrix of his succession, and that she be allowed one thousand dollars as his widow in necessitous circumstances.

Mrs. Fannie E. Doles, a daughter of William Rose, by his prior marriage with Mary Jones, opposed this application for administration; denied that the applicant was the widow of William Rose, and averred that if there was ever a marriage celebrated between Mrs. Joan Laing (applicant) and her father, it was absolutely null, having been contracted in violation of a prohibitory law; that if an administrator was appointed, the opponent daughter, Mrs. Doles, and not the widow, should be appointed. The appraised value of the succession was six hundred and seventy-nine dollars.

Judgment was rendered in favor of the opponent, appointing her administratrix of the succession, and in favor of Mrs. Joan Laing, the petitioning widow, to be the lawful widow of William Rose, deceased.

The opponent, Mrs. Doles, applied for and obtained a devolutive appeal from this judgment to the Court of Appeals for the Second Circuit, returnable on the first Monday of December, 1894, and also a devolutive appeal to the Supreme Court at New Orleans, returnable on the second Monday of December, 1894. The bond for the appeal to the Court of Appeals was fixed at twenty-five dollars; that for the appeal to the Supreme Court at one hundred dollars.

Opponent gave bond on the 29th November, 1894, for twenty-five dollars, presumably under the order for the appeal to the Circuit Court. She gave no bond for the appeal to the Supreme Court. Mrs. Joan Laing prayed in the Court of Appeals that the judgment of the District Court be affirmed. The Court of Appeals declaring that the only question at issue in the District Court was as to the administration of the succession of William Rose, only two questions arose in that court; first, as to the necessity of appointing an administratrix, and second, as to who that administratrix should be, were it necessary to appoint one. The court coincided in their opinion with the District Court that an administration was necessary, and also with it that the opponent was, as heir of the deceased, entitled to the appointment, even upon the assumption that Mrs. Joan Laing was the widow of the deceased. It declined to consider or pass upon the

question whether the court below was right or wrong in declaring and decreeing that Mrs. Joan Laing was the widow of William Rose on the ground that it had no jurisdiction *rationæ materiæ* in respect to that subject; that under the amendment to Art. 81 of the Constitution adopted in 1894 (Act No. 125 of 1882) the appellate jurisdiction of the Supreme Court extended to " suits for nullity of marriage." That this amendment vested the appellate jurisdiction in the Supreme Court in any controversy where the issue to be determined was the nullity of a marriage; that it was not confined to a direct suit to annul, but that the word suit was to be taken in the general sense of controversy or issue; that it was the matter in dispute, the nature or character of the issue, which was placed under the appellate jurisdiction of the Supreme Court, and whenever that issue was presented in whatever form it might be, whenever the lower court was called upon and did decree the nullity or validity of a marriage, the Supreme Court was the only one which could review its judgment therein.

Upon the rendition of this decree, opponent reciting the facts above stated, and that the return day fixed in the order of appeal of the 28th of November, 1894, for an appeal to the Supreme Court had long since passed, prayed that the order be set aside and a new order of a devolutive appeal be granted them, returnable to the Supreme Court at New Orleans on the second Monday of December (9th of December), 1895.

Objection was made to the granting of this order by Mrs. Joan Laing on the grounds:

1. That the opponent had already appealed to the Circuit Court of Appeals; that that court entertained jurisdiction of the appeal and rendered judgment affirming the judgment of the District Court of November 28, 1894.

2. Because opponent has acquiesced in the judgment appealed from by giving bond and qualifying as administratrix of the succession of William Rose. The court overruled the objections and granted the appeal.

In this court, Mrs. Joan Laing has moved to dismiss the appeal substantially on the grounds set up by her in the District Court by way of objection to the last order of appeal.

The opinion of the court was delivered by

NICHOLLS,. C. J. The decree of the District Court sought to be obtained by Mrs. Joan Laing was one appointing herself admininistratrix of the succession of William Rose. She assigned merely as "grounds" upon which she based her application to that effect, that that succession was in debt (owing to herself, as the widow of the deceased, in necessitous circumstances, one thousand dollars) ; that she, as such widow, was entitled to the appointment. Opponent denied the necessity for an administration. In the event the court should order the appointment of an administratrix, she advanced her own right of preference, as the child of the deceased, to the appointment. Subsidiarily she denied that the applicant was the widow of William Rose, urging, for reasons assigned, that the marriage between her and her father was absolutely null and void. The court heard evidence in support of the attack upon the marriage. The judgment of the District Court was to the effect that an administration was necessary, that opponent was entitled to be appointed administratrix, that the marriage between applicant and William Rose was legal. Opponent appealed, and, uncertain to which court the appeal was returnable, obtained a double order of appeal, one to the Court of Appeals of the Second Circuit, the other to this court. The appeal to the Court of Appeals was made effective by furnishing bond; that to this court under that order was not followed up.

The Circuit Court affirmed the judgment of the District Court as to the necessity of an administration, and as to the right of preference of Mrs. Doles, the opponent, as the daughter of the deceased, over the applicant, even assuming her to be (as she claimed to be) the widow of Rose. It declared that there was, therefore, no necessity for passing on the question as to the *status* of applicant as the widow of Rose. It further declared that even were the determination of that question necessary, that court was without jurisdiction *ratione materiæ* to decide it, as in matters of nullity of marriages the Supreme Court had exclusive appellate jurisdiction. It therefore declined to pass upon that issue. Opponent then obtained a second order of appeal returnable to this court, and seeks to have this court reverse the judgment of the District Court declaring Joan Laing to be the widow of William Rose.

The appeal is taken upon the theory, obviously, that the decision of the District Court upon that question would become *res judicata* in subsequent litigation if not set aside.

The judgment of the District Court only partially sustained the opponent, Mrs. Doles, in her contentions. She had the right to appeal, even though the court decreed her to be entitled to a preference over Mrs. Laing in the appointment of an administratrix. Oger vs. Daunoy, 7 N. S. 657; Hewes *et als.* vs. Baxter, 45 An. 1049; Police Jury vs. Succession of McDonogh, 8 An. 362; Municipality vs. Duncan, 2 An. 182.

She appealed from the judgment in its entirety. The effect of the appeal was to open all the issues determined by the lower court, certainly all those decided adversely to the appellant, and to keep them open so long as the judgment of the District Court in respect to them should not be affirmed. The judgment of the District Court in reference to the *status* of Mrs. Joan Laing was never passed upon by the Court of Appeals further than to be declared by the court to have been and still to be an unnecessary issue of the case. The court declined to adjudicate upon the subject. The question, therefore, after the decision of the Court of Appeals, remained as the appeal had placed it—an open question. Lacroix vs. Menard, 7 N. S. 347.

The motive, therefore, which impelled appellant to take the present appeal rested upon an erroneous assumption. But even had the issue been presented under circumstances such as would have made it essentially necessary to be passed upon for the purpose of a decision between the parties contending for appointment as administrator, as would have been the case had the contest been between the children of the same father by two marriages, and the absolute nullity of the second marriage had been set up, an appeal from a decision of the District Court sustaining the legality of the second marriage and bringing up the decision it rendered in respect to the particular person it appointed administrator would not lie to the Supreme Court where the value of the succession was below the appellate jurisdiction of that court, as in this case here.

The value of the succession would determine the appellate jurisdiction and not the ruling of the District Court upon a matter merely incidentally raised and determined in the District Court for the purpose of reaching a conclusion upon a matter touching the administration of the succession. It is a matter of frequent occurrence for a court of limited or special jurisdiction to pass incidentally upon a subject when it would not be authorized to do so if it had been pre-

sented to it for adjudication in a direct action; for instance, it has been held that though Probate Courts could not try titles to real estate and decide directly on their validity, yet when the question arises collaterally and its examination is necessary to arrive at a correct conclusion in matters of which it has jurisdiction, it must necessarily take cognizance of such title, *Quando lex, aliquid concedit concedere videtur et id per quod devenitur ad illud.* See Reels vs. Knight, 5 N. S. 10; Baillio vs. Wilson, 5 N. S. 217; Gill vs. Phillips, 6 N. S. 305; Williams vs. Bank, 7 La. 378; Henry vs. Keays, 12 La. 214; Succession of Goodrich, 3 Rob. 100; Penny vs. Weston *et als.*, 4 Rob. 165; Babin vs. Nolah, 4 Rob. 278; Tutorship of Francis Hacket, 4 Rob. 290; Succession of Durnford, 8 Rob. 488; Orr vs. Thomas, 3 An. 582.

When a court, in order to thus "reach a correct conclusion in matters of which it has jurisdiction" passes upon questions which would be *dehors* its jurisdiction if presented directly to it for adjudication, it is the character of the decision finally reached, based upon this incidentally determined question, and not the decision upon the question collaterally raised and passed on, which fixes and settles questions of appeals arising out of it. If the circumstances were such as to make an appeal from this ultimate conclusion (if it may be so styled) of the District Court returnable to the Court of Appeals, this incidentally decided question would be embraced as one of the issues to be passed on incidentally in the Court of Appeals, just as it was and for the purposes it was passed on in the lower court. Of course, there would be no necessity for that court to pass upon it if it had been or should be an irrelevant or unnecessary issue.

The question or issue thus incidentally thrown into another pending issue, solely for the purpose of determining conclusions to be reached upon the latter, has to be kept throughout the case in its appropriate place and not allowed to have a greater scope than that for which it was presented. Presented as an incidental question, it has to be so dealt with throughout. It can not be detached from the issue of which it formed a part and dealt with as if it had been made the subject of a separate and independent substantive cause of action.

Appellant asks us to reverse the judgment of the District Court adjudging Mrs. Joan Laing to be the widow of William Rose. We find that the question was only incidentally raised in the District

Court as connected with another, and the real issue in the case. That main issue has not been brought before us, and can not be, as the value of the succession is below our jurisdiction.    We would only be authorized to deal with the question of the nullity of the marriage between William Rose and Joan Laing in its relation to the determination of the question whether Mrs. Joan Laing could, as the widow of Rose, legally claim to be appointed administratrix of his succession.

The issues of the case can not be split and divided.    The incidental question accompanies the main issue, and the main issue, as we have said, is not before us.

Under such circumstances, there is nothing upon which we can be called to pass.    The appeal is dismissed.