(35 South. 910.)

No. 14,934.

### RAPIDES LUMBER CO., Limited, v. HARTIENS.

#### (Feb. 1, 1904.)

#### SUCCESSION—SALE OF REAL ESTATE—INJUNCTION.

1. Plaintiff, in possession as owner, has no right to enjoin a probate sale of real estate on the grounds that the succession has no title to the property. Seymour v. Bourgeat, 12 La. 123; Morrison v. Larkin, 26 La. Ann. 700; Railroad v. City, 28 South. 311, 52 La. Ann. 1831.

Monroe, J., dissenting.

(Syllabus by the Court.)

Appeal from Thirteenth Judicial District Court, Parish of Rapides; W. F. Blackman, Judge.

Action by the Rapides Lumber Company, Limited, against A. Hartiens, tutor. Judgment for defendant, and plaintiff appeals. Affirmed.

Robert P. Hunter & Sons, for appellant. H. L. Daigre and John C. Ryan, for appellee.

LAND, J. This is an injunction suit to restrain the sale of land, which, by order of court, was advertised to be sold on a certain day at succession sale, on the allegations that the land did not and never had belonged to the succession, but did belong to and was in the possession of plaintiff.

Defendant filed a motion to dissolve on the face of the petition. Plaintiff moved the court to refer the motion to dissolve to the merits. The judge a quo refused, and plaintiff excepted.

There was judgment dismissing the injunction, with costs, and plaintiff has appealed.

The judgment was rendered on the authority of the case of Seymour v. Bourgeat et al., 12 La. 123, in which Judge Martin, as the organ of the court, said:

"In settling the estate of a deceased or insolvent person, it is often convenient not to wait until contested claims against parts of it may be enforced by suit. In such cases the rights of the estate are alone sold. The Civil Code recognizes the sale of litigious rights, and the courts have no authority to prevent it."

The court approved the reasoning of the district judge to the effect that the succession sale of the property could not affect plaintiff's rights of title or possession, and that, if a sale should be effected, and the purchaser attempt to exercise rights of ownership or possession, it then would be time enough to invoke the aid of the court.

This reasoning appears to us to be sound. If the succession has no title, the purchaser can acquire none, and, if the land be sold at succession sale, the legal rights and remedies of the plaintiff will not be affected. If plaintiff has the right to bring an action of slander of title against the succession, then he can exercise the same right against the purchaser.

Plaintiff, in his brief, assails the correctness of the doctrine announced by Justice

Martin in Seymour v. Bourgeat, and argues that the decision is wrong, and should be reversed. He asserts "that the case stands solitary and alone in the jurisprudence of this state." He is mistaken.

In Morrison v. Larkin, Tax Collector, 26 La. Ann. 700, the court said: "Besides, if the defendant has no authority to sell the lands forfeited to the state, no title will pass to the purchaser, there will be no change of ownership, and the plaintiff cannot be injured." In Railroad v. City, 52 La. Ann. 1831, 28 South. 311, the case of Seymour v. Bourgeat was cited and approved, the court holding that the plaintiff in possession of a franchise had no right to enjoin the sale of the same franchise by the city at public auction.

The motion to dissolve was on the face of the papers, and the judge did not err in refusing to refer it to the merits.

Judgment affirmed.

MONROE, J., dissents.