NIGHOLLS.J.
The plaintiff alleged: That it was a corporation legally incorporated in the state- of Louisana and Arkansas and authorized to construct its lines of railroad and do business in both of said states, and in the years 1901 and 1902 built and put in operation 16 miles of railway in Winn parish, La., and. since built through the parish. That all of said lines of railroad and side track and property of every kind in Winn parish had been built and put in operation as the new line of railway entirely since the adoption of the Constitution of the state of Louisiana in the year 1898, and that under and pursuant to its provisions and article 230 of same all of said • railway property was exempt from taxes and from taxation in the state and in the parish of Winn.
That notwithstanding said exemptions from taxes and the payment of all taxes and all taxation for the years 1902 and 1903, and for full 10 years from completion, J. H. Crawford, assessor of Winn parish, La.y had made an illegal supplemental assessment to 1903 tax rolls for the parish of- Winn for the years 1902 and 1903, and had illegal *479 ly and without notice and without warranty of law caused an illegal assessment to appear on said supplemental roll, as follows: 16 miles of railway, $25,000 per mile; 16 miles of telegraph, $50 per mile — and extended a special railroad tax of $408, and special school tax for Shady Grove School of $124.40, and Winnfield school district of $124.40. That said assessment for taxes was illegal and prejudicial, and absolutely without warrant of law and arbitrary. That under said illegal assessment B. W. Bailey, sheriff and tax collector of said parish, had proceeded to collect said illegal taxes and had advertised petitioners as delinquent taxpayers and the property assessed as alleged for sale to pay said illegal taxes and costs on May 21, 1904, as follows:
“L. & A. R. R. Co. 16 miles main track, valued for 1902 at $2,500.00 per mile; % miles side track at $750 per mile; 16 miles telegraph at $50.00 per mile; 16 miles of main track for 1903, valued at $3,000.00 per mile; % miles side track $750 per mile; 16 miles of telegraph at $50 per mile (assessed only for special taxes) $190,724.00. R. R. tax $453.62; school, $283.76; interest and cost to be added.”
And petitioners alleged that the illegal assessment and any and all assessments for taxes for said property to petitioners were illegal, and that said corporation property consisted only of railroad property proper and was not subject to payment of any taxes and not legally assessed for and not subject to the payment of the above alleged taxes, and the attempt to sell any of said property for said alleged taxes and for any taxes was illegal and an attempt to deprive petitioners of their said property, and force collection of the alleged taxes wrongfully, and deprive petitioners of the benefits of their legal and constitutional exemption from taxation under the laws of the state of Louisiana.
That in order to prevent the illegal sale of the property alleged and the illegal enforced payment of the illegal taxes alleged under the illegal assessment plaintiff alleged that the writ of injunction was necessary, and therefore moved and prayed for the writ of injxxnction to be ordered issued according to law, and the sheriff and tax collector, B. W. Bailey, of Winn parish, to be enjoined from proceeding with the sale of said property as the property of petitioners, and the sale of any of said property in their name, and from collecting or attempting to collect any of said alleged taxes out of sale or otherwise of their property; but they claimed no telegraph' lines, only railroad property proper.
In view of the premises petitioners moved and prayed for citation and service on B. W. Bailey, sheriff and tax collector, and on J. H. Crawford, assessor, and on J. W. Was-son president of the police jury of Winn parish, for said parish and its police jury, and the president of the school board for the school board of said parish, W. E. Long, and the superintendent (Cas Moss), and on the Arkansas Southern Railway Company by service on its accredited agent, and, on final hearing had, for judgment against all of said defendants, annulling and setting aside the illegal assessment alleged, and decreeing petitioners entitled to legal exemption from taxes alleged and all costs; that the writ of injunction against B. W. Bailey, sheriff and tax collector, and his successors, be sustained, and the stopping of the sale by injunction as alleged sustained, and that said sale be forever enjoined and prohibited, and writ made perpetual as to acts complained of in this suit.
Further, for all costs and for general relief.
The court ordered the injunction prayed for, and it issued accordingly.
The Arkansas Southern Railroad Company answered. After pleading the general issue, it admitted: That the property of the plaintiff had been assessed for special taxes and advertised for sale to enforce the payment of the special taxes voted by the property taxpayers of Winn parish in favor of the *480 Arkansas Southern Railroad Company or its assigns on the 1st day of February, 1898, before the Constitution of 1898 was adopted.
That said Constitution did not affect or impair the contract entered into between respondent the said railroad company and Winn parish, whereby it was agreed and stipulated that said respondent should be entitled to and should receive the 5 mills special tax per annum for 10 years from the completion of the line of railroad to Winnfield on all the property of Winn parish. That this contract was made and the tax voted and promulgated in all respects according to law, and had become fixed and irrevocable before plaintiffs acquired the property which they now claimed to be exempt. That they took said property cum onere, and were- estopped from claiming its exemption from said special tax. That the provisions of the Constitution of 1898, exempting new railroads from taxation, did not cover nor apply to voluntary assessments or contributions levied by a body of taxpayers in aid of' railroad enterprises or other public improvements. That the decision of the district court and the Supreme Court maintaining defendants’ right to collect said tax on all the property in Winn parish in suit entitled “C. James et al. v. Arkansas Southern R. R. Co. et al.,” 110 La. 145, 34 South. 337, No. 1,431 on the docket of the court, is res judicata in bar of plaintiff’s right to attack the collection of said tax on any of its property. That plaintiff herein was identical with and successor to the Bodcaw Lumber Company, which was a party plaintiff in said suit, having the same president, domicile, and organization, and said decision was final and binding as to the questions and issues that were raised or could have been raised in opposition to the enforcement and collection of said special assessment.
And now, assuming the attitude of plaintiff in reconvention, the Arkansas Southern Railroad Company averred that this suit and injunction was wrongful and had damaged defendants in delay, expense, and attorney’s fees in the full sum of $500.
In view of the premises defendants prayed that plaintiffs’ demands be rejected, and their injunction be dissolved, and that the sheriff and tax collector be ordered to proceed with the collection of the taxes enjoined.
Defendants the Arkansas Southern Railroad Company prayed for judgment for the sum of $500 against plaintiffs and surety on the injunction bond in solido, and for general relief.
The police jury filed substantially the same answer.
The district court adjudged and decreed that the assessment complained of was null and void for the reasons assigned in its written opinion filed in the case, and that the writ of injunction against B. W. Bailey, sheriff and tax collector, to prohibit the collection of taxes on the assessment, be sustained and perpetuated.
The reasons referred to were as follows:
“Has the assessment of the railroad property, alleged to be exempt herein, been made as directed by law? Act 122 of 1900 provides for the assessment of property belonging- to corporations and individuals employed in the railway business by a state board of appraisers and defines the powers and duties of said board. Section 6 of that act directs that a board shall make a true and correct assessment and valuation of all the property belonging to a corporation in the railway business, and that due returns shall be made to the different parochial officers. Thus the matter of assessing railroad property has been laid down. The manner was not pursued in assessing the property of the Louisiana & Arkansas Railroad, and the said property has not therefore been legally assessed. The tax collector may be prohibited from collecting taxes not legally assessed.”
In view of the premises, it was ordered, adjudged, and decreed that the said assessment was null and void for the reasons above mentioned, and that the writ of injunction against B. W. Bailey, sheriff and tax collect- or, to prohibit the collection of taxes on the assessment, be sustained and perpetuated.
*481 All parties to the suit, both plaintiff and defendant, asked for and obtained devolutive and suspensive appeals from the judgment rendered.
Later the plaintiff company filed a petition in which it averred that judgment had been rendered in its favor, sustaining tbe writ of injunction, but tbe opinion also passed on the question of exemption of taxation (which was tbe main issue in tbe case) adversely to petitioner, from which petitioner moved and prayed for an appeal, but tbe order which was granted in reference to a suspensive appeal and tbe fixing of the return day of tbe appeal was not definite as to amount and date.
In view of tbe premises it moved and prayed for an order of appeal to tbe Supreme Oourt of tbe state of Louisiana according to law, tbat a return day be fixed for tbe appeal definite and certain, and that an amount be fixed for suspensive appeal bond, as no money judgment and no judgment for costs has been rendered against petitioner.
Further prayed for all orders necessary and for general relief and for citation and service on all tbe defendants and their successors in office, and especially F. L. Shaw, successor to B. W. Bailey, sheriff and tax collector, be cited and served to answer tbe appeal.
Tbe appeal applied for was granted.
In defendant’s brief attention is called to the fact tbat plaintiff and defendant are both appellants and appellees; counsel stating tbat tbe reason for this peculiar condition of affairs was that tbe judge of tbe district court decided in favor of tbe defendant on the main issue, holding tbat tbe property of tbe plaintiff was not exempt from the collection of special taxes and local assessments, but deciding in favor of tbe plaintiff on tbe question as to tbe validity of tbe assessment of plaintiff’s property for said special taxes.
An examination of the decree of tbe district court discloses tbat it is confined and limited by its terms to the question of tbe assessment wbicb had been made by the parish assessor, wbicb assessment it held to be null and void. In tbe “opinion” in the case written by the district judge be discussed tbe question as to whether plaintiff’s property was exempted from the payment of the tax voted by tbe property owners of Winn parish in favor of tbe defendant railroad, and announced as a conclusion (giving bis reasons therefor) tbat it was not exempt; but this announcement was followed by no decree on the subject. No reason is assigned for this course, but it is most likely that tbe district judge was of tbe opinion, under tbe authority of Code Prac. art. 15, Rapides Lumber Co. v. Hartiens, 111 La. 793, 35 South. 910, and authorities therein cited, tbat tbe plaintiff company was without present legal interest or sufficient interest to submit tbat issue at the time it did, tbat it could only properly do so when a legal assessment should have been made against its property, and that until then tbe only matter required or necessary to be passed on would be tbe legality of tbe assessment and the sale attempted to be made.
Counsel for plaintiffs say they fear that tbe conclusion reached by tbe.district judge on tbat branch of. the case might be hereafter urged against it as res judicata, but there is no legal ground for that fear. That branch of tbe case is not affected by the individual views of tbe district judge on tbe subject. The action of the court is at best a nonsuit. Succession of Rose, 48 La. Ann. 423, 19 South. 450.
We first direct our attention to the claim made by tbe defendant tbat tbe issues raised in this ease were raised and determined in the suit of James et al. v. Arkansas Southern Railroad Company et al., 110 La. 145, 34 South. 337, and tbat tbe judgment rendered therein is res judicata against the claims and pretensions urged by tbe plaintiff in its present demand. We do not think tbat po *482 sition maintainable. The plaintiff does not contest in this suit the fact that the Arkansas Southern Railroad Company is legally entitled to the tax voted in its favor by the property taxpayers of Winn parish. Conceding that fact, it claims that tax does not extend to it and cover its property, and that, if it does, it denies that its property could be legally sold under an assessment of the same made by the parish assessor. The issues here raised are entirely separate and distinct from any raised in the James Case.
The next question is whether the assessment made by the parish assessor of defendant’s property was legal or not. We do not understand defendant to contend that a legal assessment of the property is not a condition precedent to the enforcement of the tax by sale. Its contention is that the assessment as made is legal.
In the syllabus in State ex rel. Louisiana Improvement Co. v. Board of Assessors, 111 La. 983, 36 South. 91, this court declares that:
“Assessors are statute officers. The statutes of the state specifying the objects to be subjected to taxation and directing the assessment of the same are at once the source and measure of the authority of those officers. They cannot assess property of a particular kind of their own motion. Their authority for so doing must have been conferred upon them by provision of some law.”
In the body of the decision the court says:
“The Constitution may not only have affirmatively designated certain things and objects of taxation, but expressly directed the General Assembly to tax them. Notwithstanding this fact, the General Assembly may have failed to do so. The failure by the Legislature would not warrant assessors in remedying its inaction by assessing these objects of their own motion. It is for the General Assembly, and not the assessors, to initiate action in that matter. If true, as claimed by the plaintiff, that there is no statute of the state authorizing and directing the assessment and taxation of credits as the plaintiff owns, that fact being ascertained puts an end to this controversy and the judgment of the district court should be affirmed.
“Article 225 of the Constitution declares that the valuation put upon property for the purposes of state taxation shall be taken as the proper valuation for the purposes of local taxation in every subdivision of the State.”
In 1909 the General Assembly, by Act No. 122, p. 189, under article 226 of the Constitutiqn, withdrew from the parish assessors the assessment- of railroad property and placed the assessments thereof in the hands of a state board of appraisers. The sixth section of the act makes it the duty of the board, after it has made its valuation, to make due returns to the parochial and municipal authorities of the property assessed and its valuation in their respective jurisdictions.
The state board conceived that it was not part of its duty to assess the property of a railroad which they ascertained was exempt from state taxation. In the return made to any particular parish the name of that railroad would not appear, and therefore no valuation would have been furnished in that parish as the proper valuation of the property of that railroad for the purpose of local taxation. The state board erred as to the scope of its duties.
It certainly was not the intention of the convention, by shifting the instrumentality through and by means of which the valuation of railroad property should be established from the parish assessors to the state board, to have that change carry with it practically as its result the exemption of railroad property from all taxation. The failure of the state board to assess the property of a railroad or railroads in a particular parish did not confer - upon the parish assessor the duty or the right to make such assessment himself. -It is beyond question that there may exist on property taxes usually classed as taxes or quasi taxes, independently of either state or parish taxes. Munson v. Board of Assessors, 43 La. Ann. 15, 8 South. 906; Cox, Receiver, v. Sheriff, 104 La. 294, 295, 29 South. 141.
Whether the exemption of property for purposes of state or parish taxation carries with it exemption from all kinds of forced *483 or voluntary contributions is a matter upon which we reserve an expression of opinion until some case is presented to us which directly calls for it. The plaintiff urges that it directly submitted that question to the court in this case and that it had the right to have it passed upon. The court evidently thought it was unnecessary or improper to pass upon it for the purposes of a decision. The expression of the views of the district judge upon that question concludes no one. Succession of Rose, 48 La. Ann. 423, 19 South. 450.
We think, under the circumstances, that we should leave the matter open.
For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment of the district court be, and the same is hereby, affirmed.