Statement of the Case.
NICHOLLS, J.
The actual applicant for the writs sought is Mrs. Josephine Schneider, the co-relator joining in the application solely to authorize and assist his wife.
In her application she alleges that she is one of the heirs of the late Peter Schneider who died more than 15 years ago, and whose succession was duly opened shortly after his death in the civil district court under the number-of the docket of that court.
That she is also one of the heirs of the late Mrs. Louise Platz, who died on the 23d of October, 1907, and whose succession was opened on October 28,1907, under No. 84,503, of the docket of said court, and duly allotted to Division A, of said court presided over by the Hon. T. C. W. Ellis, judge of said court.
That the late Mrs. Louise Platz, widow of Peter Schneider, died testate, leaving the disposable portion of her estate to her six living children, one of whom is your first-named petitioner.
That the said Mrs. Louise Platz also left as her heirs two grandchildren, both of whom are minors, issue of the late Peter Xavier Schneider, a predeceased child of the said Mrs. Louise Platz and Peter Schneider.
That by her last will the said Mrs. Louise Platz, widow of Peter Schneider, designated and appointed Joseph P. Schaeffer, of this city, as testamentary executor.
That the estate of petitioner’s father, the late Peter Schneider, is worth about $25,000, and the estate of petitioner’s mother, the said Mrs. Louise Platz, widow of Peter Schneider, is worth about $70,000, and petitioner has an interest in both said successions or estates exceeding the sum of $15,000.
That the said Joseph P. Schaeffer qualified as executor of the said late Mrs. Louise Platz, widow of Peter Schneider, and asked for and obtained an order of court for an inventory.
That thereafter, to wit, on December 20th, the said executor filed an inventory, purporting to include all property left by the said late Mrs. Louise Platz, widow of Peter Schneider, but said inventory was never presented to petitioners for signature or approval, and petitioners were never called upon to sign the same; that petitioners, to wit, on December 30, 1907, filed a petition in which they made substantially the following allegations, to wit:
“That the said Joseph P. Schaeffer, when he secured the order of court for the taking of an inventory of the estate of said Mrs. Louise Platz, widow of Peter Schneider, did so in violation of the rules of court by failing to inform said court that there were minors interested in *17 the succession, and did it knowingly in order to have persons of his selection act as appraisers; whereas, the law requires that in all successions where minors are interested, appraisers should he appointed and sworn by the court.”
Petitioner alleged and averred in her said petition that though an inventory had been filed by said Joseph P. Schaeffer, executor, said inventory did not represent a true, faithful, complete, and correct description of all properties left hy the deceased; that said testamentary executor had knowingly withheld from appraisement and listing valuable assets of the estate; that the assets withheld consist mainly of notes representing money due by the said Joseph P. Schaeffer to the estate of the deceased exceeding in value the sum of $9,000; and petitioner further alleged that the said executor withheld from appraisement and listing other effects •of the estate the exact’nature whereof were then unknown to petitioner, hut would he shown on the trial of said proceedings; and petitioners further alleged that if a true, correct, estimative, and detailed inventory had been filed hy said executor as in duty hound, the said inventory would have shown assets and property greater than what is shown hy the inventory on file; and would have further shown that said testamentary executor is indebted unto the estate in a sum exceeding $9,000.
Petitioners further alleged in said petition:
“That the withholding of said assets and the failure of said executor to include them in the inventory was deliberate and with full knowledge on the part of said testamentary executor, and petitioner then alleged upon information and belief, that it was done for the purpose of •defrauding some of the heirs, petitioners thereby referring to the minor heirs.”
Petitioners further alleged in their said petition that hy reason of the aforesaid acts the ■said Joseph P. Schaeffer was not a proper person to continue and remain in office, and that his relations as a debtor of the estate in such a large amount rendered him also unfit to faithfully administer the estate and properly discharge the duties and obligations of testamentary executor.
Petitioners further represented that the continuation in office of said testamentary executor was unnecessary because no debts were due by the estate; that the estate was solvent, the debts, if any, being small and insignificant considering the value of the estate ; said debts being those incurred by the last illness of the deceased and the burial expenses; and petitioners further alleged in said petition that your first-named petitioner was willing to and did thereby accept the succession of her deceased mother and late father purely and simply; and that she was no longer willing to hold same in indivisión, and desired that a partition be had.
Petitioners further alleged and represented:
“That they desired that the inventory taken by the said executor be annulled and set aside; that an impartial notary be designated by the court to take a true, correct, and complete inventory of the property and assets left by the deceased; and that said notary should be assisted by appraisers appointed by the court.”
Petitioners further averred and represented in their said petition:
“That in carrying. out the plans, intentions, and scheme of the said executor to defraud some of the heirs, he, the said executor had been assisted by Mrs. Augustine Schneider, widow of Henry L. Salassi; that the property and effects referred to by petitioners and which had not been included in the inventory filed by said executor, petitioners alleged that they were informed and believed that said property had been put in a bank box or boxes and that bank box or boxes had been deposited in some banks in this city, naming them, either in the name of said Joseph P. Schaeffer, individually or in the name of Mrs. Henry L. Salassi, or in their joint names.”
Petitioners therefore prayed, in their said petition:
“That a judicial sequestration issue directing the civil sheriff of the Parish of Orleans to sequester and take into his possession any and all bank boxes, cash, money, or credits deposited with certain banks in this city, naming them, to the credit of the said Joseph P. Schaeffer, or Mrs..Henry L. Salassi, to be held by the said civil sheriff for the parish of Orleans, until the further order of the said civil district court; that on a day to be fixed by said court, the said *19 Joseph P. Schaeffer, testamentary executor, show cause why he should not be dismissed from office and condemned to pay such penalties as the law imposes and which the said Joseph P. Schaeffer has rendered himself liable to; that said executor and all the heirs, naming them, including the two minor children of the late Peter X. Schneider, be cited to appear and answer said petition and in due course for judgment removing from office the said Joseph P. Schaeffer, testamentary executor, and the inventory and appraisement heretofore made in said proceedings be declared null and void, directing that a new inventory and appraisement of all the property left by the deceased and also those left by the said late Peter Schneider, predeceased husband of said late Mrs. Louise Platz, be made according to law; that the property and effects composing their joint successions be partitioned either by licitation or in kind, as the case may be; that after due report made by the appraisers or experts to be appointed, if a partition in kind be impracticable, that all property composing the two successions be sold on such terms and conditions as may be recommended by a family meeting to be held in behalf of the minor children of the late Peter X. Schneider; that all the costs of all proceedings incidental to and growing out of the removal of the said testamentary executor as well as the illegal inventories and appraisements be paid by said Joseph P. Schaeffer, individually; and all costs of partition be paid by the mass; that all parties in interest be referred to a notary public to complete and effect said partition and for all other orders as the nature of the case requires.”
The court granted the order for judicial sequestration as prayed for by petitioners, and directed the testamentary executor to show cause, on a fixed day, why he should not be dismissed from office.
Relators averred: That after this petition, order, and citation had been issued and served upon the executor, and, to wit, on January 6, 1908, the executor came into court and filed a petition ex parte, and therein prayed for a supplemental inventory, and the court directed a supplemental inventory to be taken by George W. Montgomery, notary public, and appointed John Sbisa, and Thomas Devereaux as appraisers; Mr. George Montgomery, the notary designated by the court, being at the time the attorney of and representing the minor children of the late Peter X. Schneider, through their natural tutrix. That a supplemental inventory was filed by said notary on January 15, 1908, but petitioners in no manner participated therein, and it appears by said supplemental inventory that there were mortgage notes and other securities valued at about $27,000; movable effects and jewelry in the possession of some of the heirs valued at about $550; money in the Merchants’ National Bank of this city to the credit of Mrs. Henry L. Salassi amounting to about $2,000. And petitioners now aver that neither the appraisers nor the notary saw the property detailed in said inventory; that the inventory was made from a list which the executor had in his possession and furnished to said George Montgomery, notary, and, furthermore, all the mortgage notes and securities valued as stated at about $27,000 were in the vaults of the Commercial-Germania Trust & Savings Bank of this city, in a bank box in the name of Mrs. Henry L. Salassi, and which bank box had been sealed by the bank immediately upon the issuance of said writ of sequestration.
Relators further represented that the reason why the property which was included in the supplemental inventory was not included in the original inventory was because said executor has been told that all of said property had been donated by the deceased to the major heirs.
Relators further averred that the matter of removal of the executor and the annulment of the inventory came up for hearing before the district court, and on April 14, 1908r the district judge rendered judgment in favor of defendant, dismissing the demand' for the annulling of the inventory and for the removal of the executor and penalties, and' further revoking and setting aside the order for a judicial sequestration, and ordering him to proceed with his official duties, it further ordered that the exception to the demand for a partition be overruled, and that that part of the demand not having been tried or submitted to the court, it should remain for further proceedings by the parties *21 with full reservation of the rights of the plaintiff to a final settlement and partition with his coheirs and with a like reservation in favor of the coheirs.
That after an unsuccessful motion for a new trial the judgment was signed on May 4, 3908; that on May 6th the district judge called said case for trial on the partition proceedings ; that applicant objected to said hearing on the ground that she desired to prosecute a suspensive appeal from said judgment of May 4, 1908, and that until the appellate court had passed upon that appeal no partition could be had.
That the court thereupon postponed the proceedings until May 7, 1908, and on said date applicant moved for a suspensive appeal from the judgment of May 4th, and offered and tendered bond, but the district judge illegally and improperly refused to grant applicant’s prayer for the same; that thereupon the district judge announced that he would proceed with the trial of the partition proceedings, having the day previous overruled applicant’s objections. Thereupon applicant moved to discontinue their demand for a partition and only to that extent, but the district judge refused to entertain said motion, and thereupon she gave notice that she would apply to the Supreme Court for remedial writs.
Relatrix alleged that the action of the district judge in refusing to grant a suspensive appeal from said judgment was illegal and unauthorized, and its action in refusing to grant her motion for a discontinuance of her demand for a partition was also illegal and unauthorized for this, among other grounds, that the judgment of May 14th dissolved and set aside the sequestration, and relatrix was entitled to have the same maintained until the court passed upon the appeal of relatrix; that said judgment dismissed her demand for the annulling of the inventory and for the removal from office of the testamentary executor and for penalties and costs; that when the district judge revoked and set aside the sequestration he also directed the property sequestered to be given into the official keeping of the testamentary executor, and ordered him to proceed with his official duties; that it was necessary that writs of mandamus, certiorari, and prohibition issue to the district judge, and that the parties be notified.
Relatrix prays that a writ of mandamus issue to the district judge ordering him to grant her a suspensive appeal from the judgment of the 4th of May, fixing the return day for same and the amount of the appeal bond, and ordering him to grant her motion to discontinue her demand for a partition and a writ enjoining him to send up all the proceedings in said matters.
On reading this application the district judge was ordered to forward all the proceedings which had been taken in the matter of the said succession to the Supreme Court and to show cause why the writs applied for should not be granted; all parties in interest were ordered to be notified.
The record has been sent up as ordered. The district judge has answered the rule.
In this answer he avers that the proceedings in this succession grew out of the following conditions:
“Relatrix brought a suit against the executor, Joseph P. Schaeffer, and all her coheirs (heirs of widow Peter Schneider) praying for the following relief:
“(1) Por the removal of Joseph P. Schaeffer executor from office.
“(2) Por the annullment of the inventory, forming the basis of his administration; and
“(3) Por a partition of the entire succession property.”
The action of destitution of the executor was predicated upon the following allegations, epitomized:
“(1) That he had neglected to inform the court that minors were interested and therefore procured the appointment of appraisers appointed by the notary public instead of by the court, in violation of rule of court.
“(2) That he was indebted unto the estate in *23 a sum exceeding nine thousand dollars ($9,000.-00).
‘•(8) That he had failed to present for listing and appraisement in the inventory a large element of property (the character and value of which is not disclosed in said petition).
“In the 'said petition the relatrix alleged that the debts were insignificant and that an administration was unnecessary. She accepted the succession and prayed as hereinbefore stated.
“Coupled with the said petition was an application for a judicial writ of sequestration. This writ was issued by the Honorable W. B. Sommerville, judge of Division D, acting for me, upon an affidavit of William Corbera, a ^ person without interest, and without bond or security of any lrind.
“The executor¡ Joseph P. Schaeffer, joined issue on the application for the removal, and on the prayer for partition, waiving the technical form of the proceedings and of the action. The coheirs made defendants, joined issue by answers, accepting the succession and offering no objections to a partition. The minor heirs of Peter X. Schneider, the predeceased son, answered through their mother, and natural tu-trix.
“In the answer of Joseph P. Schaeffer, testamentary executor, he stated that there is a large amount of property claimed by the coheirs of executor as having been made to them by donation by deceased m the form of a manual gift, and reverting to the supplemental inventory for a detailed description of same.
“On application of relatrix and with consent of all the defendants, the action for a destitution of the executor was tried separately, without prejudice to the prayer of the petition praying for a partition of the estate.
“Upon trial of this issue it was my judgment that the executor was entirely without fault in the failure to include in the first inventory the property described in the supplemental inventory.
“At the filing of the petition for destitution the plaintiff alleged in her petition that she knew not the character of property withheld from the inventory.
“The executor immediately and without resort to any technical defense, applied for a supplemental inventory, which inventory discloses the exact character of property withheld, and discloses the «reason for its being withheld.
“In his answer defendant clearly and frankly stated that the reason for withholding the property described in the supplemental inventory was owing to the fact that all of the coheirs, including the relatrix herein, had impressed upon him the fact that it belonged to them by virtue of a manual gift.
“After full hearing I was absolutely convinced of the good faith of the executor, and the fact that he had acted without intention to defraud any of the heirs or creditors, and that the estate had not suffered a single cent of loss.
“All of the major coheirs, except the relatrix herein, joined in the petition for supplemental inventory, and under the sworn declarations supported the allegations of the executor’s answer. The estate is a large one and the debts practically nothing, so that the creditors were not menaced. The minors were represented by their duly qualified tutrix, who was represented in court by counsel of unquestioned integrity before the bar.
“As regards the failure to inform the court that minors were interested and the fact that appraisers were not appointed by the court in the first instance, I found that the minors who had an interest had, through their natural tutrix, already employed counsel to perfect her qualifications as tutrix in a separate proceeding, and as this was understood by counsel representing1 the executor the executor was- perfectly within his right in not asking the court to appoint the appraisers.
“The tutrix had, as a matter of fact, qualified in separate proceedings, shortly after the opening of this succession and long prior to the suit for destitution.
“As regards the indebtedness of the executor I found that Mr. Schaeffer is a man of means. The decedent appointed him and evidently had full confidence in him. The indebtedness was in the form of notes. Some of it becoming due he immediately deposited sufficient funds in the registry of the court to meet same. Being convinced beyond peradventure of a doubt that the integrity of the executor was unquestioned and that his actions had been in good faith, without injury to any one, and with reasonable discretion I declined his destitution and rendered judgment accordingly on April 14, 1908, signed May 4, 1908.
“In the meantime the application for partition was continued on the regular court docket for trial. It came up in due course on the 6th day of May, 1908.
“From a standpoint of pleadings, the status of the partition suit was as follows:
“Plaintiff had alleged in the original petition that she accepted the succession unconditionally; that an administration was no longer necessary as the debts were small, and specifically praying for a partition of the property.
“Major defendants had assented thereto, accepting the succession purely and simply. The minor heirs had joined issue and the law accepted the succession for them. The executor acknowledged that there was sufficient funds in his possession to meet all obligations, and that he had no objection to the partition proceedings. This left absolutely no dispute at issue, as the admission of the executor, coupled with his waiver of objection took the seisin from him, and placed it in the heirs. Under this state of fact counsel for relatrix objected to a trial of the issue of partition, urging that she desired to appeal from the decree refusing to dismiss the executor, and on the further ground that the validity of the donation by manual gift was involved in the decree of April 14, 1908.
“Under this statement of facts I have continued the case until the following morning in order to give counsel for the relatrix an opportunity to consult with his clients.
*25 “On the following morning counsel for relatrix applied for an appeal suspensive and devolutive from the decree of April 14, 1908.
“The suspensive appeal was refused, because a suspensive appeal under the circumstances would have completely, tied up the administration of the succession (if any administration was still existing), and would have prevented the partition of the property for an indefinite period notwithstanding all issues which might have prevented a partition were eliminated by the pleadings of the parties. Besides, the relatrix and all of the coheirs had accepted the succession unconditionally, and the executor had relinquished the seisin under the administration entitling the heirs to a partition.
“Relatrix then applied for a continuance of the partition proceedings, which was objected to by counsel for defendants and which I refused to grant chiefly owing to the fact that a continuance served no useful purpose, and that counsel for defendants was a member of the General Assembly, and would be absent from the city for the following 60 days.
“Relatrix then moved to discontinue the application for a partition. This was objected to by defendants on the ground that all parties being before the court, and all parties being both plaintiffs and defendants, as is the rule in partition suits, that the suit could not be discontinued to the prejudice of their demand for partition. The question of the validity of the donation by manual gift upon which relatrix lays so much stress, has never been passed upon by me.
“In the decree of April 14, 1908, I simply found that the executor had acted in good faith in accepting the statement of all of the heirs, relatrix included, as to the fact that such donation had been made. The validity vel non of the donation itself has never been passed upon, and can only be an issue in the partition suit. Its validity vel non was absolutely irrelevant to the ouster suit except in so far as it affects the good faith of the executor. In so far as the validity of the inventories are concerned, their purpose was limited to the administration and as the administration is practically closed by the seisin being invested in the heirs, their validity vel non is no longer of moment.
“For the purpose of the partition if a new inventory is necessary one will be ordered, and I have so stated in my reasons for judgment. Any injury which relatrix could possibly suffer as a result of irregularities in the partition proceedings could be corrected on appeal from any judgment which I may finally render, and should not be anticipated by prohibition.
“The major heirs have signified their willingness to permit relatrix to consider the property described in the supplemental inventory claimed to have been donated to them by manual gift, either as a part of the succession as -subject to collation in kind, or subject to collation by taking less at her election, and I am at a loss to know what relatrix hopes to gain beyond this. Besides all of the property is extant and available, and no issue is or can be made as to the possibilility of its conversion.
"The succession of Peter Schneider, the father, forms no obstacle to the partition. He had no separate property, and all of the heirs (which are the issue in the present estate) have long since gone into possession, and the estate closed.
“Throughout this whole litigation both the executor and the major heirs and representatives of the minors have acted with the utmost frankness, and have signified their willingness to give relatrix everything she legally claims, but relatrix seems at a loss to decide what she wants.
“I respectfully submit that my action in refusing the suspensive appeal was sound law, and that the executor having validly relinquished the seisin, the question is moot; that prohibition will not lie to prevent this court from taking jurisdiction of the partition proceedings, as any errors that occur therein can be properly corrected on appeal.”
Opinion.
Counsel for relatrix concedes in his brief that the Supreme Court will not in this proceeding inquire into the correctness of the judgment sought to be appealed from:
“We discover nothing in the record by reason of which any act of the trial judge could be set aside or annulled under an application to us for a writ of certiorari.”
Counsel say:
“The parties east, have the right to appeal from said judgment and a right to a stay of proceedings by a suspensive appeal.
“Two questions are to be decided by the Supreme Court:
“First. Are applicants entitled to a suspensive appeal? If so, the court will grant a manda-, mus. Second. Did applicants have the right ’ to' discontinue a part of their demand — that is to say, the demand for a partition? If they did have the right the district judge cannot proceed with the partition suit, and the Supreme Court will grant the writ of prohibition.”
In the judgment of the 4th of May from which relatrix claims the right to appeal suspensively the district judge refused to remove the testamentary executor as prayed for by the plaintiff and to annul and set aside the inventory which had been taken. It further set aside the order for a judicial sequestration of succession property, and placed said property in the official keeping *27 of the testamentary executor and ordered him to proceed with his official duties.
There could be no suspensive appeal from that part of the judgment refusing to remove the executor. A suspensive appeal is resorted to when the judgment complained of calls for the doing of some act the execution of which the complaining party seeks to ward 'off. In the present case the trial court refused to make a change from the existing conditions; it left matters intact. Re-latrix is evidently seeking to obtain a sus-pensive appeal from that part of the judgment which set aside the judicial sequestration which had been ordered at the inception ■of the proceedings. That sequestration was not one which the Court granted under article ■276 of the Code of Practice, upon the giving of bond by the party seeking the same under the circumstances required by article 209 et ■seq. It was an ex parte sequestration issued by the court itself without requiring a bond, a conservatory measure permitted by it sub■stantially fex officio in order to hold matters in abeyance and maintain the status quo, until matters could be further ascertained and looked into, the writ being somewhat analogous in character to the restraining order pendente lite, which courts frequently issue when the situation in their judgment requires in some particular case quick action to ward ,off impending immediate injury. It issued as ancillary and in aid to the precise demand ■then being made by the plaintiff to remove the executor. It was incidental thereto and when that demand failed, the incident fell as a consequence with it. Succession of Rose, 48 La. Ann. 423, 19 South. 450. To deprive an executor while continuing in position as such of possession of the assets of the succession which he is called on by law to administer, is really to cut him off from exercising the functions of his office. Such an act whatever name might be given to it, operates as an injunction against the further performance by the executor of .his official duties. This result cannot be accomplished through such means. Overton v. Overton’s Adm’r, 10 La. 474. When the sequestration was set aside the restoration of matters to their original status followed as the necessary legal result thereof without requiring the recognition of that result by decree of the court. We find no error in the refusal by the district court of the application of the relatrix for a suspensive appeal from the judgment of the 4th of May. The prayer of the relatrix that the court be ordered to grant such an appeal is refused. After the issue as to the removal of the executor had been disposed of by the trial court, relatrix moved the court to discontinue her demand for a partition of the property of the succession. The court denied this motion “in so far as it may prejudice the rights of the defendants to have tried and determined the pending suit for a partition.” The relatrix contends that she had an absolute control over her own suit, and that the court was powerless to interfere with her action in the premises — that no reconventional demand had been made by the other parties. The court did not control or attempt to control the relatrix herself as to the part she should take in the partition suit. It simply refused to allow her by her course to prejudice the rights of the other parties to the suit.
She had initiated proceedings which had given rise to existing rights in her coheirs which she could not ignore at her pleasure. Matters had reached a point in the litigation which entitled her coheirs in their own right to hold her in court. We do not think the partition suit abated by her expressed wish and desire to withdraw from it herself. The executor being in office was entitled to continue in office until the partition was perfected between the heirs. Rev. Oiv. Code, art. 1673. The district court had jurisdiction over the case until the partition proceedings should be closed. Relatrix’s demand for a writ of *29 prohibition to that court is not well grounded.
For the reasons herein assigned the application herein made by the relatrix for writs of certiorari and mandamus and prohibition is denied; the orders hereinbefore granted on that application dismissed at the costs of the applicant.