ODOM, Justice
 

 (dissenting).
 

 Plaintiffs allege that the ordinances and resolutions adopted by defendants are unconstitutional, null, void, and of no effect. If that be true, it is difficult to understand how the adoption of such ordinances and resolutions can be an “interference.” It is alleged that the thirteen appointed and the four elected members who joined them constitute a majority of the legally constituted members of the police jury of East Baton Rouge parish; that the said members are in possession of their offices, have, met, organized, elected officers, appointed committees, and that they constitute the police jury of East Baton Rouge parish, and that the police jury as .thus composed is now functioning. That being true, and it is so alleged, how can these nine defendants interfere? There is neither allegation nor proof that these minority members have done anything more than adopt ordinances and resolutions. If these resolutions and ordinances are null and void and of no effect, they can do no harm.
 

 
 *703
 
 “A defendant will not be enjoined from doing an illegal
 
 or
 
 wrongful act where, because of the illegality or for any other reasons, the attempted action will be void and of no effect, and hence no injury to complainant.” 32 C. J. 76; Seymour v. Bourgeat,. 12 La. 123; Morrison v. Tax Collector, 26 La. Ann. 700; Railroad Co. v. City of New Orleans, 52 La. Ann. 1831, 28 So. 311; Rapides Lumber Co. v. Hardens, 111 La. 793, 35 So. 910.
 

 Under the allegations and the testimony offered in support of them, I do not think plaintiffs are entitled to an injunction. I therefore dissent.