JOHN DOW & al. petitioners for certiorari, versus ASA W. TRUE & al.

Certiorari is the regular process under which the errors of inferior tribunals, from which there is no appeal, are to be examined and corrected.

St. 1839, ch. 412, which makes provision for the appraisement of the property disclosed, not exempt from attachment and which cannot be come at to be attached, does not dispense with the full disclosure of the actual state of the debtor's affairs and of all his estate required by St. 1835, c. 195.

Where under these statutes a partial disclosure was made and the debtor was thereupon discharged from arrest by the justices, the proceedings were quashed on certiorari.

A motion to quash the proceedings on certiorari, because the writ was sued out, without serving a rule on the debtor discharged from arrest, to shew cause, was denied, when upon scire facias served upon him, the debtor appeared, and the cause was argued on his behalf on its merits.

PETITION for a certiorari to bring up the records and proceedings of the respondents in relation to the disclosure of J. W. A. Brewster, a poor debtor, who had been arrested on *mesne process*, by virtue of a writ in favor of the petitioners against him, and had been brought before the respondents, two justices of the peace and quorum for the county of Cumberland, in which the arrest had been made. A copy of the petition and order of Court thereon was duly served on the respondents and a *scire facias* sued out, which was served on Brewster.

A motion was filed by the respondents to quash the writ for reasons which appear in the opinion of the Court.

From the return of the respondents it appeared, that the debtor, Brewster, having been arrested on a writ in favor of the petitioners against him, was brought before them; and that he then commenced his disclosure — and after having disclosed, as he said, and as the justices adjudged, "sufficient property," to pay the debt on which he had been arrested, declined disclosing other property, but offered to make oath that the disclosure as far as it was made was true — and requested the appointment of disinterested appraisers to appraise off "sufficient property" to pay the plaintiff's claim — that the justices adjudged that the debtor was not required to make a full disclosure of the

Dow v. True.

actual state of his affairs — that he had disclosed sufficient property to pay the debt on which he had been arrested, and that they accordingly proceeded to appoint appraisers to appraise enough of the property disclosed to pay the plaintiffs' claim ; that the debtor chose one appraiser and the justices two, the plaintiffs' attorney declining to appoint one on their part — that these appraisers thus selected were sworn and proceeded to appraise one hundred acres of land in the county of Oxford, without describing it by metes or bounds, being part of a large tract disclosed by the debtor — that the debtor then offered to convey by deed of warranty, or in mortgage, the premises appraised — upon which, the debtor having made oath to the truth of this disclosure by him signed, was discharged by the magistrates from arrest.

*Rand*, for the petitioners. Certiorari is the proper remedy. *Haywood, petitioner*, 10 Pick. 358 ; *Fay, pet'r, &c.*, 15 Pick. 248. The Statute of 1835, c. 195, § 4, requires a full disclosure. Statute of 1839, c. 412, § 2, relates to property which .is not liable to attachment, but here the property disclosed might have been.

*J. Morgan*, for the respondents, cited *Commonwealth* v. *Downing*, 6 Mass. R. 72.

*F. O. J. Smith*, for Brewster, argued, that the magistrates having no interest could not properly be made a party to the record ; that they have no contest with any one, and having certified their doings have only to abide the order of Court thereon.

Both debtor and creditor are bound by the existing legislation ; all that is wanted is sufficient to pay the demand due ; all beyond *is* oppression. St. 1835, c. 195, § 3, 4 ; St. 1836, c. 245, § 1, 7.

The disclosure was under St. 1839, c. 412, § 2, which differs from the statute of 1835 in requiring only sufficient property to pay the debt due. That and more was disclosed here. If on a debt of fifty dollars, five hundred dollars in bullion were disclosed, could the creditor enforce a further disclosure ? Certainly not.

The justices are the exclusive judges when a full and fair disclosure has been made — they are judges both of fact and

law — and this Court have no right to prescribe to them any particular conclusion to which they are bound to come. *Heywood, petitioner*, 10 Pick. 358; *Rutland* v. *County Commissioners of Worcester*, 20 Pick. 79.

The opinion of the Court was delivered by

WESTON C. J. — The justices had jurisdiction of the subject matter, in regard to which the plaintiffs seek relief. It was in its nature of a judicial character. No appeal lies from their decision. This Court has a superintending power over inferior tribunals. As the proceedings of the justices were not according to the course of the common law, a writ of certiorari is the regular process from this Court, under which their errors are to be examined and corrected.

The justices appear and move, that the writ of certiorari be quashed, because it was issued, without serving a rule upon Brewster, the debtor discharged from arrest, to show cause. And they rely upon the case of the *Commonwealth* v. *Downing & al.* 6 Mass. R. 72, where a writ of certiorari was quashed, because a rule had not been served on the opposite party to show cause. The order of court upon the petition in this case, would have justified, and perhaps required, the service of the rule upon Brewster. But as it was served upon the justices who appeared before the writ issued, and as a scire facias has been served upon Brewster, and the case has been fully argued in his behalf, upon the merits, the motion interposed by the justices is overruled.

The disclosure before the justices was made in pursuance of the St. of 1835, c. 195. That required a full disclosure of the actual state of his affairs, and of all his estate, property, rights and credits. It is only upon such a disclosure, that the St. of 1839, c. 412, § 1, makes provision for the appraisement of the property disclosed, not exempt from attachment, and which cannot be come at to be attached. The debtor declined to make the full disclosure required of him by the statute. We are therefore very clear, that the subsequent proceedings were not warranted by law, and they are accordingly quashed.