State ex rel. Valeton vs. Skinner, Judge.

No. 8239.

STATE OF LOUISIANA EX REL. O. VALETON VS. E. K. SKINNER, JUDGE FIRST CITY COURT.

This Court will not use its supervisory power, under Article 90 of the Constitution, by the writ of *Certiorari,* to investigate whether or not, an inferior Court, in an unappealable case has decided correctly, when it has acted within the limits of its jurisdiction and in proceedings apparently legal.

APPLICATION for Writ of *Certiorari.*

*Chs. Louque* for the Relator.

The opinion of the Court was delivered by

BERMUDEZ, C. J.	This is an application for a *Certiorari* in an unappealable case.

The petitioner charges, that on a rule taken against him, as *garnishee*, under execution issued against a defendant, he was condemned to pay to the constable of the First City Court a sum of money in his hands, the proceeds of a sale made by him, as auctioneer, under the direction of the defendant in the case, for account of another person not a party to the rule, and not bound by the judgment upon it.

He avers the illegality of the proceedings, the inapplicability of the case, irreparable injury, etc., and asks us to avoid the judgment against him, and to direct the defendant judge to try the case, in conformity with the provisions of the law.

Practically, this Court is called upon to review the action of the litigant, to look beyond the judgment, to test its correctness, to reverse it, and to require that court to try the case anew  This interference on our part is asked in the exercise of the supervisory powers conferred upon this Court by article 90 of the Constitution.

The object of the writ of *Certiorari* is to ascertain the validity of proceedings before an inferior court in unappealable cases.

The writ should never issue, unless upon a showing that the proceedings are absolutely void and have not been sanctioned by the party complaining of them.  C. P. 855, 857, 864.

The proceedings may be null where the inferior judge has refused to hear the party or his witnesses, or has pronounced sentence without having cited him to appear.  C. P. 857.

It is not pretended, neither does it appear, that the First City Court had no jurisdiction over the main action, or was incompetent to entertain against petitioner, in the form which it did, the summary proceeding ancillary to the execution of the writ under the money judgment; nor that the petitioner was not heard before judgment.  Had the city judge exceeded the bounds of his jurisdiction, a *Certiorari* would not have been the remedy to arrest further proceedings.

The city judge had jurisdiction over the whole subject matter, and was vested with a legal discretion to determine the merits of the rule against the petitioner, garnishee in the suit.  C. P. 1152, 246, 642; State ex rel. Fredricks vs. Judge, lately decided.  Whether he has exercised that discretion correctly or incorrectly is a question which we have no power to determine.   In such a case as is presented, an error of judgment on the part of the judge, either as to the facts or the law, cannot be in-

quired into and corrected by this Court, whose investigation is restricted to the regularity and validity of the proceedings as they appear on the face of the papers. Passing upon the *merits*, which were determined by the city judge, would be to usurp an appellate jurisdiction in unappealable cases, which was not conferred upon this Court. Const. Art. 81; C. P. 857; 14 Ill. 381; 22 Ill. 333; 27 Ill. 140; 9 Ark. 73; 22 Ill. 105; 14 Iowa, 211; 19 Me. 46; 8 Gill (Md.) 150; 29 Cal. 459; 29 Barb. N. Y. 622; 45 Wis. 353; 60 Pa. 107; 112 Mass. 206, vol. 3, U. S. Dig. p. 260, N. 254, 255, 256.

We have already held, in several cases, that in applications of this description we are not permitted to go behind the proceedings attacked so as to pass upon the intrinsic correctness of the action complained of, but are confined to an inquiry into the extrinsic validity of the proceedings, clearly announcing that we would not countenance such applications with a view to revise the correctness, in point of *substance*, of the action of subordinate courts in unappealable cases. In such circumstances we have studiously declined all interference. State ex rel. Wintz vs. Judge Criminal District Court, lately decided. O. B. 34, fo. 1; State ex rel. Zubérbier vs. Judge, No. 8128. See, also, O. B. 53, fo. 44, 127, 206, 279, 534; 32 An. 549, 553.

For the decision of the matter presented, it is immaterial whether the petitioner may or not sustain irreparable injury. If the city judge have erred, and his decision be final, and work a hardship, it is an evil which we are powerless to remedy. It does not, however, at all follow, from the statement to that effect in the petition, that the complainant is exposed to any loss. He does not allege that he has seasonably asked the city judge to notify and hear the third party before passing on the rule against him as garnishee. It may well be that had he done so the judge, moved by a sense of justice or propriety, would have permitted that party to be apprised of the proceeding. Even then it lies in the power of the petitioner, before complying with the judgment against him, to notify, even informally, that party of the existence of such judgment. Upon such notice, it will be the interest of such party, for whose account the petitioner claims to have made the sale, the proceeds of which are in his hands, to protect himself from the effect of the judgment complained of, by proper proceedings to prevent its execution by the petitioner, or application of the money by the constable. Under the circumstances of the case, the petitioner cannot be expected to do more.

The proceedings assailed were carried on, apparently, in proper form, before a competent court, and the writ does not lie.

It is, therefore, ordered that the application be refused with costs.