## No. 9354.

### THE STATE EX REL. RICHARD D. CARL VS. JUDGE OF THE FIRST CITY COURT.

A prohibition will not issue to a city court, in an ejectment suit, in which the defense is a renewal of a pre-existing lease exceeding one hundred dollars, when, on the trial of the exception to its jurisdiction, the renewal was not proved.

Time is of the essence of such defense. If the defendant in the suit did give notice, he should have proved with certainty not only the notice of his intention to renew: but that it was given before the expiration of the lease.

To prove a contract exceeding five hundred dollars in value, a credible witness and corroborating circumstances are required. The fact that the only witness to prove it, is the party claiming rights under it, is not sufficient to make him incompetent; but it may diminish his credibility. When such testimony is unaccompanied by corroborating circumstances, it is surely insufficient to prove the contract.

APPLICATION for Prohibition.

---

*B. R. Forman* for the Relator.

Respondent *in propria persona*.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a prohibition.

The relator complains that the city judge has illegally overruled an exception to his jurisdiction and insists upon trying the case on its merits. He avers that an ejectment suit was brought against him in January last, from premises to which he alleges to hold a two year lease, from October 1, 1884, at $70 per month, in renewal of a one year

State ex rel. Carl vs. Judge.

lease, which expired on the 30th of September previous. He also claims, that he has put up improvements on the premises, fitted up the same at a cost of some $250; that the ejectment would inflict great loss upon him; that he has the right to have the issues prevented in the case determined by a district court, and that said city judge is usurping a jurisdiction which does not belong to him,

He therefore prays for a prohibition.

The city judge returns that on the trial of the exception, the relator was shown to have violated the original contract of lease, and therefore, forfeited all rights to the renewal therein provided for; and even then, that the relator did not establish that he had availed himself in time of the privilege; that he stated he did give notice of his intention to renew the lease and at the same time offered and tendered the rent notes; but that he did not recollect or specify the exact time he gave this notice or made the tender; that he believed it was in September. The judge further states, that no rent notes were shown or offered in evidence on the trial of the exception.

The law distinctly provides, that if the justice is satisfied, in ejectment suits by due proof, that the lease has expired by limitation or has been in any way violated, and that the demand in writing for delivering possession thereof, has been made within the time fixed by law, it shall be lawful to give judgment against the tenant, ordering him to deliver possession of the premises. R. S. 2057, § 2, 2157.

The city judge had therefore clearly jurisdiction to inquire into the existence of the alleged lease. 33 Ann. 146; 34 Ann. 1143; 8 N. S. 563; 13 Ann, 137.

Time was of the essence of the plea. The relator should have made it certain that he had given the notice before the expiration of the lease. He produces here a copy of the notice he says he gave, and the notes he avers he has tendered. It does not appear that he exhibited this notice to the city judge or proved how and when the notice was given or served. In cases of conflict between the statements of relators and of judges, the rule is to attach more weight to those of the latter.

Besides it is apparent, that the evidence was designed to establish a contract above five hundred dollars in value, and that the same should have been proved at least by one credible witness and corroborating circumstances. R. C. C. 2277.

The fact that the only witness to prove this contract of renewal is the relator himself, who is a party to the cause, is not sufficient to con-

sider him as incompetent; but it may diminish the extent of his credibility. R. C. C. 2282. It is surely insufficient to prove an actual renewal of the lease.

Under the circumstances, no renewal having been proved, the city judge has authority to proceed to the trial of the ejectment suit, as though the defense of an existing lease had not been set up. R. S. 2057.

We deem it unnecessary to pass upon the other ground, that the relator had violated the original lease and had, therefore, none to renew, at the appointed time for its expiration.

Application refused with costs.

Rehearing refused.