No. 12,037.

THE STATE OF LOUISIANA EX REL. CHARLES LOUQUE VS. FRED. D. KING, JUDGE CIVIL DISTRICT COURT, PARISH OF ORLEANS.

Where an inferior court acts within the bounds of its jurisdiction, and there are no marked defects or irregularitie· in its proceedings, the Supreme Court, under its supervisory jurisdiction, will not annul the judgment rendered in the case, though it may be contrary to the law and the evidence.

APPLICATION for Writs of *Certiorari* and Prohibition.

*Louque & Pomes* for Relator, Respondent Judge *pro se.*

*Charles Rosen* for Joseph Fernandez, Original Plaintiff, Respondent.

Submitted on briefs January 6, 1896.
Opinion handed down January 20, 1896.

ON APPLICATION FOR WRITS OF CERTIORARI AND PROHIBITION.

The opinion of the court was delivered by

McENERY, J. The relator alleges that the respondent judge rendered a judgment against him for fifty-eight dollars and twenty-five cents, and that said judgment is illegal and unjust, and that he has no other remedy than an application for the exercise of the supervisory jurisdiction of this court.

The relator was sued on an injunction bond for one hundred dollars. Judgment was rendered against the relator and the principal in the bond for thirty-eight dollars. The relator appealed to the Civil District Court, parish of Orleans. The appellee prayed for an increase in the judgment. It was granted, and the relator was condemned in the sum of fifty-eight dollars and twenty-five cents.

The relator complains · that the judgment is illegal, because the damages claimed consisted of costs which had been satisfied by the sale of personal property of the principal on the bonds; that the attorney's fees, claimed as damages, were not earned on the dissolution of the injunction, but on the trial on the merits; that the judgment against him is for fifty-eight dollars and twenty-five cents, and against the principal for thirty-three dollars.

The answer of the respondent judge is, that after hearing the evi-

dence and argument of counsel, etc., he found that the actual damages sustained by plaintiff in the original suit by the wrongful injunction obtained in the same amounted to the sum of fifty-eight dollars and twenty-five cents. That the facts stated in relator's petition are the facts conte d d for and believed by him to have been proved, but respondent did not think so.

The relator alone appealed to the Civil District Court. The proceedings were regular, and there is nothing in the record which calls for the exercise of our supervisory jurisdiction.

The relator alleges that the amount involved is such that he can not submit to the judicial wrong inflicted upon him. We find no other principle involved than that so often announced by this court, that " where an inferior court acts clearly within the bounds of its jurisdiction, and no vital defects or irregularities mar the proceedings in a case before it, the Supreme Court will not, under its supervisory jurisdiction, annul the judgment rendered in such case, though it may be contrary to the law and the evidence. State *ex rel.* Patton vs. Houston, 40 An. 393; State *ex rel.* Wood & Bro. vs. Judge, 38 An. 377–921; State *ex rel.* Broussard vs. Justice of the Peace, 42 An. 1190; State *ex rel.* Rocchi vs. Judge, 45 An. 532; State *ex rel.* Snider vs. Judge, 47 An. 1482; State *ex rel.* McCune vs. Judge, 47 An. 1512; State of Louisiana *ex rel.* Hogsett, Sr., vs. Justice of the Peace, 47 An. 1533; State *ex rel.* Liggins vs. Judge, 47 An. 1022.

The relief prayed for is denied, and the rule granted herein discharged.