Statement of the Case.
MONROE, J.
Relator appeals to the supervisory jurisdiction of this court for the correction of alleged errors in the ruling of the district court, as follows, to wit:
Leopold Lopez, assuming to proceed under the law which authorizes the lessor summarily to eject the lessee for noncompliance with, or upon the termination of, the lease, brought suit in a justice’s court, setting up title to certain real estate and alleging that Gaston Theriot, “pretending to be a lessee of the former owner,” was in possession of the same. He further alleged that the lease, “if any,” had not been recorded, and became void and of no effect as the result of the sale of the property, and, moreover, that his vendor had notified Theriot to surrender possession, which the latter had failed to do. He therefore prayed that said Theriot be ordered to show cause on a day fixed why he should not be summarily ejected. To this demand Theriot excepted that, as no contract of lease was alleged, no cause of action was disclosed, and that, as no such contract existed, and the suit involved the title or possession of real estate, the justice of the peace was without jurisdiction; and, the case having been tried upon the issues as thus presented, the exception to jurisdiction was maintained, and the suit dismissed. Thereupon plaintiff appealed to the district court, where defendant appears to have abandoned his exception as such, and to have filed an answer, denying that he was, or had ever been, lessee of the property, and setting up title thereto; and (quoting from the return of the respondent judge):
“All the witnesses and both parties to the appeal being present and ready for trial, the case was tried de novo, argued, and submitted- Judgment was rendered in favor of Lopez, who had shown that relator was occupying said property by virtue of a lease, and no proof whatsoever having been introduced to contradict any of the proof made by Lopez; the lease and the ownership having been proved beyond doubt. * * * It was shown that relator was the lessee of the party who sold the property to Lopez on March 6, 1906, and that Lopez brought suit immediately afterwards, as relator had failed to pay the rent. * * * It was shown that the lease was $15 a month.”'
It may be added that it was also shown that Lopez was subrogated to all the rights of his vendor.
Opinion.
If plaintiff had alleged, in terms, that defendant had been occupying the premises in question as the lessee of his (plaintiff’s) vendor, that the lease had been violated and terminated by defendant’s failure to pay the rent and by the service'on him of notice to move out, and that he (plaintiff) was subrogated to the rights of the lessor, we apprehend that defendant would have no basis upon which to rest the exceptión of no cause of action; and, as those allegations were supplied by the proof offered (without objection, so far as we are informed) in the district court, we find no basis upon which that exception could now be maintained. Walker v. Van Winkle et al., 8 Mart. N. S. 568; Godchaux v. Bauman, 44 La. Ann. 256, 10 South. 674.
The answer filed in the district court was merely an amplification of the exception to jurisdiction filed in the justice’s court, and the latter was as much a plea to the merits as the former, since it involved an inquiry into, and a decision of, the main issue in the ease, to wit, whether defendant was in possession as lessee or as owner. Moreover, the case being summary, it was incumbent on defendant to present his entire defense on the day fixed, and this, in effect, he did, though he called his pleading an “exception.” The *535 justice of the peace, having heard, the case as then presented, reached the conclusion that defendant was not in possession as lessee, but as a claimant to ownership, and that the question to be decided ■ was, therefore, beyond his jurisdiction. On the appeal the district court, upon the evidence there adduced, reached a different conclusion, and held that defendant occupied the position of a lessee who was in default for nonpayment of his rent, and who should be decreed to vacate the leased premises. The main issue decided, was therefore, the same as that which had been presented to the justice of the peace, and the difference in the decrees of the two courts was the logical and necessary consequence of their respective conclusions upon that issue, which conclusions, we assume, were predicated upon, different bases of fact, since the trial in the district court (though not so specifically provided in the Constitution) was necessarily de novo, in so far, at least, as the evidence was concerned, and the district court, in reversing the judgment appealed from was obliged to render such judgment as, in its opinion, the justice of the peace should have rendered. Code. Prac. Art. 1138; State ex rel. Matt v. Judge, 37 La. Ann. 843. We fail to find in all this any lack of due process of law, any usurpation of power by the trial judge, any refusal on his part to discharge a duty imposed on him, or any irregularity in the proceedings, operating a denial of justice, and we are of opinion that the supervisory jurisdiction conferred by article 94 of the Constitution should not be so exercised as to give to the relator the benefit of an appeal to this court in a case in which the lawmakers have not thought proper to authorize such appeal. State ex rel. Valeton v. Skinner, Judge, 33 La. Ann. 255; State ex rel. Wood & Bros. v. Judge, 38 La. Ann. 377; Troegel v. Judge, 35 La. Ann. 1166; State ex rel. Matranga v. Judge, 42 La. Ann. 1089, 8 South. 277, 10 L. R. A. 248; State ex rel. Rocchi v. Judge, 45 La; Ann. 532, 12 South. 941; State ex rel. Louque v. Judge, 48 La. Ann. 293, 19 South. 142; State ex rel. Express Co. et al. v. Justice, 48 La. Ann. 1249, 20 South. 729.
It is therefore adjudged and decreed that the restraining order heretofore issued in this case be now rescinded, and that relator’s application be denied, and this proceeding dismissed, at his cost.