For reasons assigned, the judgment appealed from is affirmed.

(42 South. 230.)

No. 16,047.

LAZARUS v. FRIEDRICHS.

(Oct. 29, 1906.)

1. APPEAL — REVIEW — SUFFICIENCY OF EVIDENCE.

The burden of proof was on plaintiff to make out his case with a reasonable degree of certainty. His testimony as to the alleged verbal contract cannot be held to preponderate against the testimony of the defendant and another interested witness, especially when neither of them was impeached, and the trial judge seems to have given equal credit to all three of the witnesses.

2. JUDGMENT—CONFORMITY TO PLEADINGS.

Where the pleadings and the evidence show that a certain verbal contract was either for a contingent fee or for promoting the organization of a Jockey Club, a judgment based on both theories is clearly inadmissible.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 34–37.]

3. SAME.

A plaintiff cannot recover on a cause of action not only not alleged, but destructive of his judicial allegations and evidence in the particular suit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 34–37.]

Breaux, C. J., and Nicholls, J., dissenting.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by Henry L. Lazarus against George G. Friedrichs. Judgment for plaintiff, and defendant appeals. Reversed and suit dismissed.

Carl Converse Friedrichs and Frank McGloin, for appellant. Eugéne Davis Saunders, Thomas Marshall Miller, and Edgar Howard Farrar, for appellee.

On Rehearing.

LAND, J. The petition alleges an indebtedness on a contract for professional services as an attorney at law.

The answer admits that there was a contract by which defendant and one Harry D. Brown agreed to pay plaintiff $10,000 in stock of the Jockey Club, but specially avers that the consideration was not for professional services rendered, or to be rendered, but for services as a promoter in obtaining subscriptions and raising funds sufficient to place the Jockey Club on a safe footing and to insure its success, which services were never rendered.

Plaintiff testified to the contract as alleged in his petition. Defendant and Brown testified to the contract as alleged in the answer.

The judge a quo after a careful consideration of the facts of the case, reached the conclusion:

"That the agreement of March 7, 1904, was in substance a joint understanding on the part

of the defendant and his associate Brown to pay plaintiff $10,000, or $5,000 each, in stock of the proposed New Orleans Jockey Club, for his professional services under (in) formation of the corporation, and for his assistance in organizing the same and securing subscription to the capital stock thereof, and that plaintiff has fully complied with all his obligations thereunder and ought to receive of defendant the half of the compensation agreed upon."

This finding is contrary to the pleadings and evidence on both sides of the controversy. The issue of fact before the court was clear cut and admitted of no compromise. Under the pleadings and evidence the question was whether the consideration of the contract was services as attorney or services as a promoter. No witness on either side testified that the contract covered both kinds of service.

There were only three persons present when the contract was made, to wit, plaintiff, defendant, and Brown. On the cold record before us, the plaintiff has failed to make out his case, his testimony being contradicted by that of the other two parties to the transaction. The trial judge treated all three of the witnesses as equally entitled to credit. The facts are that plaintiff rendered services as an attorney and also assisted in securing subscriptions to the enterprise. The district judge says:

"The preponderance of evidence tends to show that plaintiff bound himself to assist in making good Brown's subscription."

Plaintiff sues on an alleged specific contract to recover a fixed sum, representing a contingent fee for professional services rendered and to be rendered. His testimony is restricted to the allegations of his petition, and he denies under oath that his services as a promoter entered into the consideration of the contract. Plaintiff cannot recover on a quantum meruit, for valuable professional services rendered, and is repelled by his allegations and testimony from recovering on the mixed contract found by the trial judge without any sufficient evidence to sustain his conclusion.

Counsel on both sides have very ably discussed circumstances and facts disclosed by the record in support of their respective contentions. No useful purpose would be subserved by reviewing such facts and circumstances, as they are inconclusive on the question as to whether the specific contract sued on was made as alleged in the petition.

On this vital question the only three witnesses who were present when the contract was made differ radically, and the preponderance of the evidence is apparently against plaintiff's contention. The contract sued on may or may not have been made, but with the findings of the trial judge before us, we are not prepared to say that the plaintiff has proved his case with reasonable certainty. Loose verbal agreements on matters of concern should be avoided, as they almost uniformly breed misunderstandings and law suits. The testimony of one witness however credible is per se insufficient to prove a contract when the value exceeds $500. Civ. Code, art. 2277; State ex rel. Carl v. Judge, 37 La. Ann. 380.

It is therefore ordered that our former decree rendered in this case be vacated, and that the judgment appealed from be annulled, avoided, and reversed; and it is now ordered that plaintiff's suit be dismissed as in case of nonsuit; he to pay costs of both courts.

NICHOLLS, J., dissents.

See dissenting opinion of BREAUX, C. J., 42 South. 231.