Statement of the Case.
MONROE, C. J.
The application herein (for writs of certiorari and prohibition to the judge of the district court, parish of Terrebonne), with the return and records made part thereof, present the following case for the consideration of this court:
Relator (Picou) was in possession of a certain store in the city of Houma, claiming that right as a tenant, under a lease from R. E. Crawford, the owner, running for two years from October 21, 1916, with privilege of renewal, at an annual rental of $420, payable in monthly installments of $35, when, on February 9, 1918, the store was sold, under an execution against Crawford, and by mesne conveyance became the property of Mrs. Elster, the plaintiff herein, who on February 26th notified relator to vacate at the expiration of 30 days, and (plaintiff failing so to do) proceeded, by rule in the city court, to have him summarily ejected. To that proceeding relator interposed a plea to the jurisdiction of the city court, setting up the lease from Crawford, and alleging that it had been intrusted to Crawford to be recorded, that Crawford had failed to record it, and had moved out of the parish, and that he (relator) had caused an affidavit as to its execution and contents to be prepared and recorded by one of the witnesses, which, being made part of his answer, shows that it was recorded on November 3, 1916.
The city judge, after hearing, overruled the plea and gave judgment for plaintiff on the merits, and relator appealed to the district court, where, in June 1918, the judgment so rendered was reversed, and the rule dismissed, and thereafter relator remained in unmolested possession of the property, paying the monthly installments of rent under his lease from Crawford, as he understood, and, by virtue of the judgment of the district court, until October 26, 1918, when, following another notice, plaintiff again proceeded by rule in the city court praying that he be ejected, and relator again pleaded to the jurisdiction, adding in the alternative a plea of res judicata and, as before, the Crawford lease, with notice of renewal, as a defense on the merits.
The city court having sustained the plea to its jurisdiction, plaintiff appealed. On the trial'in the district court (which was de novo) the testimony was not taken down, and, as no formal statement of facts is included in the return to this court, we accept the facts as found by the respondent judge in his able and elaborate opinion. He does not, however, find as a fact that relator at any time acquiesced in the theory (propounded by plaintiff) that he was occupying the premises by the month. To the contrary, after referring to plaintiff’s testimony and that of her clerk to the effect that she gave relator receipts stating that the rent was received on a monthly lease, and to relator’s testimony to the effect that he paid the rents by check, and regarding them, when indorsed by plaintiff, as his receipts, and paid no attention to the receipts written out by her, he (the judge) finally adopts the theory propounded by the learned counsel for plaintiff in their motion for new trial, as follows:
*1055 “That on plaintiff’s purchase * * * of the premises occupied by the defendant * * * as lessee, and defendant’s * * * continued occupation of the same thereafter, the relation of landlord and tenant resulted by effect of law, * * * entitling plaintiff * * * to ejectment by summary process.”
The adoption of that view by the learned judge is expressed in Ms opinion in the following language to wit:
“One of defendant’s contentions on the merits is that plaintiff must prove a monthly lease as alleged between himself (herself) and defendant; that the evidence fails to show any such lease between them, and therefore that plaintiff, who carried the burden of proof, has failed to make out his (her) case. There is no doubt that the relation of landlord and tenant must now be shown to exist in order to entitle plaintiff to the benefit of this extraordinary remedy, but it is not essential, nor necessary, that the relation should have been created by plaintiff, himself (herself), with said defendant. In’ other words, it is not necessary that plaintiff himself (herself) should have rented the property to defendant to create that relation. Under the law, the purchaser of property affected by a lease becomes subrogated to all the rights and remedies of his vendor under the lease, and the purchaser may eject the lessee by summary process. * * * Besides, defendant has admitted the existence of such relation by paying plaintiff the rent; but plaintiff’s (defendant’s) learned counsel seeks to escape the effect of such payment by saying that it was made under the Crawford lease. True; but this lease terminated, so far as plaintiff was concerned, * * * at the moment plaintiff acquired the property. It was at an end, and, if defendant chose to remain in possession of the property at the same rental, with plaintiff’s consent, there was simply a reconduction by the month, at plaintiff’s pleasure.”
And it was upon the proposition thus stated that our learned brother founded his judgment, ruling: First, that the city judge erred in declining to exercise jurisdiction; and, second, that it was competent for Mm, after so ruling, to hear and. decide the case on the merits, which he did, giving judgment for plaintiff as prayed for.
Opinion.
Considering the questions of jurisdiction, we make the following recapitulation of the various provisions of the law, statutory and constitutional, which may be thought to bear upon that subject, to wit:
Act 91 of 1904, amending and re-enacting section 29 of Act 136 of 1898, provides that in wards containing cities, of 5,000 inhabitants there shall be elected by the ward for a term of four years a city judge, with civil jurisdiction as now conferred upon justices of peace.
Article 126 of the Constitution confers jurisdiction on justices of the peace as follows:
“They shall have exclusive original' jurisdiction in all civil matters, when the amount in dispute shall not exceed fifty dollars, exclusive of interest, and original jurisdiction concurrent with the district court when the amount in dispute shall exceed fifty dollars, exclusive of interest, and shall not exceed one hundred dollars, exclusive of interest; including suits for the ownership or possession of movable property not exceeding said amounts in value, and suits by landlords for possession, of leased premises, when the monthly or yearly rent, or the rent for the unexpired term of the lease does not exceed said amounts. They shall have no jurisdiction * * * when title to real estate is involved.”
“Art. 111. The • district courts shall have jurisdiction of appeals from justices of the peace in all civil matters, regardless of the amount in dispute,” etc.
“Justices of the peace,” says the Code of Practice, “have no jurisdiction when the right of property or the possession of an immovable is called in question,” etc. Code Prac. art. 1068.
“It shall be lawful,” the Revised Statutes declare, “for such lessor to cause the tenant to be cited before any justice of the peace, having competent jurisdiction, to be there condemned to surrender his possession,” etc. Rev. St. § 2155.
“Whenever the monthly or yearly rent paid by the tenant, or the lease which he shall allege to hold, shall exceed the sum of one hundred dollars, then, the summary proceeding allowed by the preceding section for the possession of leased property shall be instituted and carried *1057 on before any parish or district court having competent jurisdiction,” etc. Rev. St. § 2156.
“Leases may be 'made either by written or verbal contract.” Civ. Code, art. 2683.
“If the lessor sells the thing leased, the purchaser cannot turn out the tenant before his lease has expired, unless the contrary has been stipulated in the contract.” Civ. Code, art. 2733.
All contracts affecting Immovable property which shall not have been recorded, in the parish where the property is situated are declared null and void, except as between the parties thereto. Civ. Code, arts. 2264, 2266.
The first impression derived from the foregoing provisions is likely to be unfavorable to any construction whereby a justice of the peace could, under any circumstances or for any purpose, decide a case involving either the existence or the validity of a lease calling for either a monthly or yearly rental exceeding $100; but our predecessors have adopted such a construction as the basis of what may almost be considered a settled jurisprudence, and, after deliberate consideration, we find no sufficient reason for holding that jurisprudence to be unsound.
[1, 2] It will be observed that the justices of the peace obtain their- jurisdiction with respect to suits by landlords for the possession of leased premises by direct grant from the Constitution, and may exercise that jurisdiction, apparent statutory limitations thereof to the contrary notwithstanding. It is elementary and obvious that every court is not only authorized, but bound, to determine primarily the question of its own jurisdiction, and it must follow, as a corollary from that premise that every court must have the power to decide all questions the decision of which is necessary to the determination of the question of jurisdiction; and hence a city court, vested with jurisdiction of the particular demand of a landlord for the possession of leased premises, must decide the questions of fact and law presented when the defendant sets up a lease other than that sued on, and which for other purposes would be beyond its jurisdiction. It cannot be denied that a landlord has the right to predicate his action in ejectment upon his own understanding of the relation subsisting between him and the occupant of his house. If (the house being in a city having 5,000 inhabitants) he considers the occupant a tenant by the month or year at a rental not exceeding $100, he brings his action in the city-court. If the occupant, who has the right to base his defense upon his understanding of the situation, answers that he holds as a tenant at a monthly or yearly rental exceeding $100, or that he does not hold as a tenant, but by some other right, and by reason of his mere allegation, the jurisdiction of the court is ousted, then it is the defendant in ejectment, and not the judge, who possesses the power to determine the question of the jurisdiction of the court. If the landlord in such ease, having reason to believe that the tenant will set up a lease beyond the jurisdiction of the city court, brings his action (though within the jurisdiction of that court) in the district court, in order to anticipate the plea to the jurisdiction of the city court, he may find that his defendant has changed his mind or his position, and, acquiescing in the view that plaintiff’s claim belongs in the city court, sets up nothing to the contrary, and asks that the action be dismissed for lack of jurisdiction in the district court.
In State ex rel. Rothang v. Judge, 34 La. Ann. 1142, suit was brought on a lease as within the jurisdiction of the city court. The defendant alleged a lease beyond that jurisdiction. The judge maintained his jurisdiction to determine whether defendant held such a lease, and, finding that he did not, gave judgment ordering his ejectment; whereupon he applied to this court for cer *1059 tiorari and prohibition, and it was held (quoting from the syllabus) that—
“A prohibition does not lie in such a case to prevent the court from ascertaining whether the defense to the jurisdiction is, in point of fact, well founded or not.”
In the body of the opinion, referring to Rev. St. § 2156, supra, it is said:
“The statute is clearly that, if the lease which the tenant alleges to hold shall (be found to) exceed $100, the proceeding- shall be before a court of superior jurisdiction. * * * The statute quoted authorizes the inferior judge before whom an expulsion suit is brought to inquire into the correctness of the allegations of the defendant where the latter alleges a monthly rent or annual lease under which more than $100 are to be paid. It distinctly says: If the lease alleged ‘shall exceed.’ Whether it exceeds or not the amount stated is a question to be decided, not by the defendant, but by the court. The defendant must allege and prove and the court must decide, maintaining or declining jurisdiction, according to the proof administered.”
The ruling in the case thus cited has been affirmed, or similar rulings made, in State ex rel. Lewis v. Judge, 35 La. Ann. 1110; State ex rel. Carl v. Judge, 37 La. Ann. 381; Succession of Rose, 48 La. Ann. 422, 423, 19 South. 450. We conclude, then, that the city court was vested with jurisdiction to determine as to the existence of the lease set up by relator and as to its effect, if any, quoad the demand asserted by plaintiff. But that conclusion throws no light upon the reasons by which that court was governed in declining to exercise its jurisdiction. It may have been of the opinion that defendant’s mere allegation as to the existence and contents of the lease set Up by him was sufficient to oust its jurisdiction, and have found no reason for going any further in that direction or for considering whether any relation of landlord and tenant was shown to have been established between the litigants, in either of which cases its decision would not, of necessity, be determinative of the merits, and relator would be, and is, by reason of the decision in the appellate court, in the position of having a trial on the merits in but one court when the law contemplates that he should have such trial in two courts.
In State ex rel. Freret v. King, 42 La. Ann. 77, 7 South. 72, it appeared that the plaintiff (who was also relatrix) brought a suit for ejectment in a city court, and was met by a plea to the jurisdiction based upon the averment that defendant had a lease for an additional year at a rental of $32 per month, which plea was sustained by the city court and on the appeal. Plaintiff thereupon applied to this court for a mandamus to compel the district court to decide the case on the merits, and the application was denied, the court saying (inter alia):
“A party dissatisfied with the judgment of a city court * * * is not left without a remedy. He can appeal from such judgment, if the case is appealable, and have it reviewed by the appellate tribunal, which would be bound to affirm or reverse, and then remand. When such court has passed upon such matters, it has exhausted its powers, and it cannot be asked to determine the merits of the controversy in any contingency when such were not before him on the appeal. * * * A district court is both an appellate court and a court 0" original jurisdiction, vested in each instance with marked distinct attributions. The powers which it exercises as the one, it cannot exercise as the other. State ex rel. New Orleans v. Voorhies, Judge, 41 La. Ann. 540, 6 South. 821. An appellate court tries eases before it only in the manner and to the extent that they wore tried below, C. P. 1129, 598, 895. In case of reversal in a suit like the instant one, it could not pass upon the merits of the litigation, for the reason that the merits have not been determined below, and would have to remand.”
The articles of the Code of Practice cited in the opinion are to the following effect:
“Art. 598. Appeals taken from the judgments of parish courts shall be tried de novo, that is to say, that each of the parties shall be allowed to produce new evidence, and to have their witnesses examined again.”
*1061 Article 1129 provides that appeals from justices of the peace shall he tried de novo.
Article 895 declares that—
“The Supreme Court can only exercise its jurisdiction, in so far as it shall have knowledge of the matters argued or contested below.”
In an earlier ease (State ex rel. Matt v. Judge, 37 La. Ann. 843) it had been held (quoting from the syllabus) that:
“Where an exception had been filed in the city court and had been maintained, and on appeal the district court had reversed that ruling, it was the duty of the latter court upon such reversal to proceed to hear and determine the merits.”
The case of Lopez v. Theriot, 117 La. 532, 42 South. 93, may, perhaps, be differentiated from the ease at bar and from Freret v. King, supra, by reason of the finding that the decision by the trial court on the exception and the judgment of the appellate court overruling the same were predicated upon the same issues, and necessarily included a decision of the case on thé merits, leaving nothing to be decided upon a remand.
The ruling in State ex rel. Freret v. King correctly defines the function of an appellate court, which is to review the judgment appealed from, including the interlocutory rulings, affirming that which it approves and reversing that which it disapproves, but not deciding upon its merits a ease which has not been so decided by the trial court, and thereby depriving the litigants of the two hearings on the merits to afford which the trial and appellate courts respectively are created. We are therefore of opinion that, even though its ruling upon the question of the jurisdiction of the city courts were correct, the district court erred in regard to its own jurisdiction.
We are further of opinion, however, that the district court erred in holding that the jurisdiction of the case was shown to have been vested in the city court.
“There is no doubt,” says" the learned respondent in his opinion, “that the relation of landlord and tenant must now be shown to exist in order to entitle plaintiff to this extraordinary remedy.”
To which it may be added that it was also necessary to show that relation in order to vest jurisdiction in the city court of an action concerning the possession of immovable property.
The opinion further reads:
“Under the law, the purchaser of property becomes subrogated to all the rights and remedies of his vendor under the lease, and the purchaser may eject the lessee by summary process.”
It is true that the purchaser is thus subrogated to the rights of his vendor with respect to an existing lease of the property purchased; but on the trial of this case the respondent ruled that no evidence as to the lease set up by relator was admissible, upon the ground that it had not been recorded and was void as to the plaintiff. If, however, we assume that there existed such a lease as is described in the affidavit (also excluded), we find that it gives relator the privilege of renewal for two years from October 21, 1918, at a rental of $420 a year, payable in monthly installments, and it is asserted that he gave the required notice to secure that privilege, from which, if true, it would follow that plaintiff’s vendor would have had no right to eject him, and still less by a proceeding in a city court.
Again quoting from the opinion, it is there said:
“Besides, defendant had admitted the existence of such relation by paying plaintiff the rent; but plaintiff’s (defendant’s) learned counsel seeks to escape the effect of such payment by saying that it was made under the Crawford lease. True; but the lease terminated, so far as plaintiff was concerned, * * * at the moment plaintiff acquired the property; it was at an end; and, if defendant chose to remain in possession of the property at the same rental, with plaintiff’s consent, there was simply a re-conduction by the month at plaintiff’s pleasure.”
*1063 [3] It seems thus to be admitted that the payments made by relator'to plaintiff after her purchase of the property were intended by relator as payments under the Crawford lease; hut, if it be true, as alleged, that relator had availed himself of the privilege of renewal, there could have been no reconduction of that lease at the time this suit was instituted, since it had then two years to run. Nor could there at any time have been a tacit reconduction, since relator continued in possession, not only by virtue of his asserted right under the lease, and in spite of plaintiff’s opposition, but by authority of the judgment which he obtained contradictorily with her upon that issue. And her opposition was renewed by the notice to vacate, which she served on him in September, and the present action, which she brought within a few days after the expiration of the first period of two years covered by the Crawford lease. We are informed .by the respondent judge that relator abandoned the plea of res judicata filed by him in this suit, hut are not advised as to his reasons for so doing. The judgment upon which the plea was based, however, retains its value as a fact in the case.
' Considering, then, that there has been no reconduction of the Crawford lease, by the month or otherwise, that relator claims to be holding under that lease as written, that plaintiff denies his right so to do,- and that plaintiff has shown no contract between relator and herself under which he is holding, and hence has not shown that the relation of landlord and tenant subsists between them, we arrive at the conclusion that this suit, being an action for the possession of immovable property, between parties not occupying that relation, is one of which the city court ■had no jurisdiction, and of .which the district court acquired no jurisdiction by the appeal from the city court. “Ex nihilo nihil fit.”
It is therefore ordered that .the judgment of the district court here made the subject of review be annulled, and that the judgment of the city court thereby reversed be now affirmed; the plaintiff, Mrs. Elster, to pay all costs, including the costs of this proceeding.