(85 South. 630)

No. 23911.

### LAENGER v. NULSEN.

(June 30, 1920.)

*(Syllabus by Editorial Staff.)*

Landlord and tenant ⊂⇒301(1) — Assignee of lease held necessary party defendant in summary action.

Where lease provided that the lessee could sublet, and that in such case the sublessee should automatically become a party to the contract, and should be held liable, together with the lessee, for any unpaid rent, and should be bound by all conditions of the lease, a proceeding under Landlord and Tenant Act, No. 313 of 1908, only, to obtain possession of the property, should have been brought against the sublessee, and not against the original lessee.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Action by Mrs. Cecile I. Laenger against W. K. Nulsen. Judgment for defendant, and plaintiff appeals. Affirmed.

Hardy & Barnett, of Shreveport, for appellant.

Hall & Bullock, of Shreveport, for appellee.

DAWKINS, J. This is a proceeding under the Landlord and Tenant Act, No. 313 of 1908, by summary process, to obtain the possession of a certain building in the city of Shreveport. Plaintiff alleges that on June 4, 1917, she leased to S. E. Smith and W. K. Nulsen said property for a period of two years, which lease terminated on May 31, 1919, with the option of renewal for an additional term of three years thereafter, provided written notice of such intention was given at least three months prior to the expiration of said lease, but that the said lessees failed to notify petitioner of the desire to renew as agreed, and on September 19, 1919, notice to vacate had been served upon the said W. K. Nulsen; that if he wished to remain in possession, he might do so, beginning November 1, 1919, at a rental of $250 per month; that the said Nulsen refused to pay the additional rental as demanded, and also refused to vacate the premises as requested. She prayed that defendant be condemned to deliver the property to petitioner.

Defendant answered, averring that said suit had been improperly brought against him, for the reason that he was not the owner of the lease, same having been transferred shortly after it was given to the Central Garage Company, Incorporated, a corporation, which had been in possession ever since to the knowledge of the plaintiff. Defendant

further averred that while the lease had, on its face, expired on May 31, 1919, notice had been given by the said Central Garage Company, Incorporated, on March 30, 1920, of the desire to renew the same as therein stipulated; that a form of lease, drawn in accordance with the terms of the original, was on November 1, 1919, tendered to plaintiff, together with notes properly signed, but that they had been declined. Defendant further admitted the refusal of the Central Garage Company, Incorporated, to vacate said building, but denied that it had refused to pay the rent stipulated in the contract of lease. Defendant averred that it had been stipulated in the lease of June 4, 1917, that, in event the said building were subleased, the said sublessee should automatically become a party to the obligations and rights thereunder; that said Central Garage Company, Incorporated, had promptly paid the rent with its checks, which had been accepted by plaintiff until September, 1919, when she notified defendant and the said Smith, former lessee, of a demand for an increased rental, which said company refused to pay as aforesaid, but offered to execute a new lease, which it is ready and willing to do at any time.

Defendant prayed that plaintiff's demands be rejected, at her cost.

Defendant later pleaded nonjoinder of parties defendant, in that the Central Garage Company, Incorporated, was a necessary party to this litigation, and prayed the dismissal of plaintiff's demands accordingly.

Thereupon plaintiff pleaded estoppel, based upon the contention that defendant having alleged that the Central Garage Company, Incorporated, was a necessary party defendant, he was without interest to claim said possession or any right or interest in or to said property.

There was judgment in favor of defendant, dismissing plaintiff's rule, at her cost, on the ground that the proceeding should have been brought against the Central Garage Company, the party in possession, who by the terms of the lease had become a party thereto, with all of the rights and obligations of an original lessee.

## Opinion.

The lease under which the relations of the parties, giving rise to this summary proceeding, were established, contained the following somewhat unusual provision, to wit:

"It is further agreed that in event parties of the second part [the lessees] lease or sublet this building or any portion thereof for garage purposes, to any other person, persons, firm, or corporation, then such person, persons, firm or corporation shall automatically become a party to this contract, and shall be held liable, together with parties of the second part, for any unpaid rent that might be due, and shall be bound by all the conditions of this lease."

This stipulation did not, perhaps, impose any greater obligations or give any greater rights than would have been the case under an ordinary assignment of the entire lease, had that right not been interdicted in the contract itself; but it was an express condition, attached thereto, that the transferee should become and occupy toward the lessor the same relation as an original tenant, and, pretermitting the question of what the rights of the Central Garage Company, Incorporated, might have been, without it, we think that, when it accepted and went into possession under the assignment which was made by Nulsen and Smith, almost simultaneously with the execution of the lease, the result was to place it in the same position, with respect to possession and proceedings for eviction, which would have existed as to Nulsen and Smith, had the assignment not been made. Therefore, while the obligation or liability of Smith and Nulsen still remained, in so far as the payment of the rent was concerned, they had parted with all interest in-

dividually, and especially of the possession, and the Central Garage Company, Incorporated, was the one against whom this proceeding should have been brought. Plaintiff is not seeking to collect any rent, or to recover any damages for the lease's violation, but is seeking to avail herself solely of the summary remedy provided by the statute for obtaining possession. Nulsen the defendant, was not in possession, the original lease had expired, and any reconduction or rights of renewal inured to the corporation, and, in any event, it was the party to be proceeded against. In fact, Nulsen, against whom alone this suit was brought, ceased to be a party to the lease when the original expired on May 31, 1919. Prudhomme v. Walmsley, Man.'s Unrep. Cas. 374; Elster v. Picou, 144 La. 1052, 81 South. 710.

For the reasons assigned, the judgment appealed from is affirmed, at the cost of the appellant.