## LOUISIANA OIL BURNING EQUIPMENT CO. v. McGREGOR

(December 10, 1928. Opinion and Decree.)

Bond, Curtis & Hall, of New Orleans, attorneys for plaintiff, appellant.

Warren Doyle, of New Orleans, attorney for defendant, appellee.

JONES, J. This is a suit for $150.00, alleged to be the balance due for installing a Kleen-Heet Oil Burner at the residence of Dr. George F. Roeling in this City, under an oral contract fixing the price of heater at $550.00. In his answer

defendant, after denying all indebtedness, avers specifically that he never had a contract with plaintiff and that plaintiff's entire transactions in the matter were with Dr. Roeling himself. There was judgment for defendant and plaintiff has appealed.

Although a large part of the record is taken up with testimony as to whether the oil burner worked satisfactorily, we do not find it necessary to consider that point, as it was not raised by the answer and is not urged in argument or brief by defendant's attorney.

On the trial of the case, Mr. Fiduccia, doing business under the name of plaintiff, testified that he had made an oral agreement with McGregor to place a Kleen-Heet Burner in the house of Dr. Roeling for $550.00; that he had carried out his agreement and the heater worked satisfactorily; that Dr. Roeling first gave him a check for $400.00 on account, in which McGregor was made payee, but that McGregor refused to endorse the check, and he then obtained a second check from Dr. Roeling, made payable to him, and cashed it.

Both Edwin C. McGregor, the defendant, and his son, Oswald McGregor, who is shown to have managed the business, testified positively that neither one of them ever made any contract with plaintiff and they both assert that they never knew plaintiff until they met him at the residence when the burner was being tested. Oswald McGregor further testifies that he refused to endorse the check because he had nothing to do with the transaction.

Dr. Roeling testifies that he employed defendant to put in a coal-burning heat system for him and that he made a written contract for this work, and after the satisfactory completion of this work by McGregor, Fiduccia heard that he (Roeling) was interested in the Manalle oil heating system, and that one day he came home and found Fiduccia's men placing an oil tank in his yard; that he then dismissed the men, but they came back the next day, while he was away, and put in the tank without his knowledge, that he remonstrated with Fiduccia, who told him that he would remove the oil burner if it did not work satisfactorily; that he had never even talked to McGregor about installing this burner and that, in his opinion, if anyone owed any balance, he was the debtor, and not McGregor; that he had understood from plaintiff at the time he paid him that the $400.00 covered the entire cost and that the heater would be removed if not satisfactory.

The written contract was not filed in evidence, though called for by plaintiff, and the act of Dr. Roeling, in permitting his yard to be torn up and an oil burner installed, without authorization on his part, is unbusiness-like and unusual. These considerations make the case somewhat difficult, but the claim of plaintiff is supported only by his testimony, while the defense is supported by the testimony of the two McGregors, and also indirectly by Dr. Roeling, and by the fact that McGregor refused to endorse the first check for $400.00, and later Roeling paid plaintiff directly.

Article 2277 of the Revised Civil Code provides that contracts for the payment of more than $500.00 shall be proved by at least one witness and other corroborative circumstances. In this case the contract is for more than $500.00 and there is only one witness, without any corroborative circumstances, except, possibly, the installment of the heater, which is in part ex-

plained by Roeling. State ex rel Richard D. Carl vs. Judge of the First City Court, 37 La. Ann. 381.

This is pre-eminently a case for application of the familiar rule that a judgment on questions of fact will not be reversed unless there is manifest error.

For above reasons the judgment is affirmed.