ST. PAUL, J.
 

 Plaintiff sold to Hodge-Hunt Lumber Company “all of the timber that can and will be removed as saw logs” from a certain 240 acres of land. Thereafter the lumber company sold to defendant “all the merchantable saw log timber” on said tract.
 

 The defendant, after removing all the saw-logs on said tract, then proceeded to cut cross-ties from said lands and remove the pulp wood therefrom.
 

 This is a suit to recover from defendant the value of said cross-ties and pulp wood and damages to said land at the rate of $7.60 per acre.
 

 The trial judge found that the defendant ■had removed 982 cross-ties and 2,142 cords of pulp wood, the value of which he fixed at 20 cents per tie and 50 cents per cord respectively. And accordingly gave judgment for plaintiff for $1,267.40, and rejected its demand for damages to the land.
 

 The defense is that the defendant (appellant) was entitled to all the merchantable timber on said land (of 8 inches or more at the stump), and might do with it as it pleased.
 

 We do not think so. The plaintiff sold to the Hodge-Hunt Company only such timber as “Can and will be removed as saw logs,” and no other; that is to say, no timber was sold by plaintiff except such as might actually be removed as sawlogs, and the lumber company could convey to defendant no greater right than itself had.
 

 On the other hand, defendant did obtain a deed to “all the merchantable saw log timber” from said lumber company. And, as bad faith cannot be presumed and has not been shown, defendant must be held to be in good faith, and hence liable only for the stumpage value of said ties.
 

 After reading the evidence, we are of opinion that the trial judge correctly found the number of ties cut and cords of pulp wood taken, and that he correctly fixed their value.
 

 We are also of opinion that the judge correctly refused to allow any further amount as damages to the lands. We do not think the evidence shows that the lands were damaged beyond the value of the ties and pulp wood taken from them; and hence see no reason for increasing the judgment on plaintiff’s prayer for amendment.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.