HAMITER, Justice.
 

 In this summary proceeding, commenced by a motion in the First City Court of New Orleans, plaintiff seeks possession of certain premises owned by him and occupied by the defendant under a verbal lease of $40 per month. To the motion, under which a rule issued, defendant tendered an exception of no cause of action, the basis therefor being that plaintiff failed to allege that he is acting in good faith.
 

 The City Court, without considering the merits, sustained the exception and recalled the rule for possession. Plaintiff thereupon appealed to the Court of Appeal for the Parish of Orleans.
 

 The latter court, after a hearing on the exception of no cause of action and a trial of the merits, reversed the ruling of the City Court and rendered judgment for plaintiff as prayed for.
 

 On defendant’s application we issued the writ of ■ certiorari for the purpose of reviewing the Court of Appeal’s action in (1) overruling the exception of no cause of action and (2) passing upon the merits of the case, the City Court not having done that.
 

 The Housing and Rent Act of 1947, SO U.S.C.A.Appendix, § 1881 et seq., provides that the landlord must seek in good faith the recovery of possession of his premises. In his motion this plaintiff did not specifically aver, as pointed out by defendant in the exception of no cause of action, that he was acting in good faith. The motion did contain, however, the following allegations: “ * * * that mover desires possession of the said apartment for
 
 *1093
 
 occupancy by himself and his wife; that mover’s need for the said apartment occupied by Crestón C. Moore is immediate and compelling for the reason that mover and his wife are advanced in years, and the condition of their health is such that they need more space and better living quarters than those afforded in the apartment which they are presently occupying; that mover has been advised by his doctor to obtain more adequate living quarters; that mover and his said wife formerly occupied the apartment presently occupied by Crestón C. Moore; and that said defendant in rule has been regularly notified to vacate, according to law, a copy of the said notice being attached hereto and made part hereof.”
 

 Good faith is always presumed. Antoine Lumber Company, Ltd., v. Southern Bag & Paper Company, Inc., 171 La. 696, 131 So. 852, Skannal v. Hespeth, 196 La. 87, 198 So. 661. Consonant with that presumption are the factual allegations (above quoted) of plaintiff’s motion; at least, there is nothing therein contained destructive of it. Moreover, to allege good faith in just those words is to plead merely a conclusion, and that is never required. From all of which it follows that the attributing of bad faith to this plaintiff could only be done by way of defense on the trial of the merits. The exception of no cause of action was correctly overruled.
 

 As to the mentioned second proposition appeals in cases of this kind are tried de novo by the Court of Appeal. Article 7, Section 91, Louisiana Constitution of 1921. A trial de novo means a trial anew, from the beginning; the whole case is open for decision. Town of Rayville v. Mann, 136 La. 237, 66 So. 957. At such a trial the appellate court may pass upon all questions in the case, including those pertaining to the merits, even though the decision of the court of original jurisdiction was predicated only on an exception. State ex rel. Matt v. Rightor, Judge, 37 La.Ann. 843 and In re Theriot, 117 La. 532, 42 So. 93.
 

 Rule XII of the Court of Appeal of the Parish of Orleans, to which our attention is directed by defense counsel, in no manner militates against that doctrine. It provides :
 

 “In appeals to this Court
 
 in cases involving $100.00, or less,
 
 the transcript shall show affirmatively the names of the witnesses
 
 sworn,
 
 and the documentary evidence
 
 offered,
 
 on behalf of the respective parties.
 

 “No witness shall be heard to testify in this Court in such
 
 appeals,
 
 who shall not have appeared as a zvitness in the court be
 
 low,
 
 unless
 
 upon affidavit or other satisfactory showing to the Court that such witness ought not to have been, or could not by the exercise of reasonable diligence be produced in the lower court, or that, in the exercise of due diligence,
 
 such zmtness became known to the pcwty producing him only after the 'trial of the case in the lower court. The same rule shall apply to documentary
 
 evidence.,
 

 
 *1095
 
 “This rule shall he so construed as to effectuate the purpose of requiring all cases to be fully and fairly tried in the Court of first instance.
 

 “No provision of the rules of this Court shall have application to trials de novo, unless special reference is made thereto.” (Italics ours.)
 

 A careful reading of the quoted rule discloses that it is applicable only when and if the appealed case has been heard and decided on its merits by the court of first instance ; a case previously disposed of on an exception is not thereby contemplated. Especially supporting this conclusion are the emphasized portions of the rule.
 

 We hold, therefore, that the Court of Appeal was fully authorized to pass upon the merits of this case as it did.
 

 For the reasons assigned the judgment is affirmed.
 

 O’NIELL, C. J., and HAWTHORNE, J., do not take part.